1  MERYL L. YOUNG, SBN 110156                  SAMUEL A. KEESAL, SBN 38014
      myoung@gibsondunn.com                         skip.keesal@kyl.com
2  GIBSON, DUNN & CRUTCHER LLP                 KEESAL, YOUNG & LOGAN
   3161 Michelson Drive                          400 Oceangate
3  Irvine, CA 92612-4412                         Long Beach, CA 90802
   Telephone: 949.451.3800                       Telephone: 562.436.2000
4  Facsimile: 949.451.4220                       Facsimile: 562.436.7416

5  ALEXANDER K. MIRCHEFF, SBN 245074           JULIE L. TAYLOR, SBN 154341
      amircheff@gibsondunn.com                      julie.taylor@kyl.com
6  GIBSON, DUNN & CRUTCHER LLP                 KEESAL, YOUNG & LOGAN
   333 South Grand Avenue                        450 Pacific Avenue
7  Los Angeles, CA 90071-3197                    San Francisco, CA 94133
   Telephone: 213.229.7000                       Telephone: 415.398.6000
8  Facsimile: 213.229.7520                       Facsimile: 415.981.0136

9  *Attorneys for Defendants*

10                     UNITED STATES DISTRICT COURT

11                    EASTERN DISTRICT OF CALIFORNIA

12                         SACRAMENTO DIVISION

13

| | |
|---|---|
| 14  IN RE EDWARD D. JONES & CO., L.P. SECURITIES LITIGATION | ) Case No. 2:18-cv-00714-JAM-AC |
| 15 | ) **DECLARATION OF SHELLEY GRAF** |
| 16 | ) Hearing: |
| | ) Date:        TBD |
| 17 | ) Time:        TBD |
| | ) Place:       Courtroom 6, 14th Floor |
| 18 | )              501 I Street |
| | )              Sacramento, CA 95814 |
| 19 | ) Judge:       Hon. John A. Mendez |

20

21          I, SHELLEY GRAF, under penalty of perjury, declare:

22          1.      I am currently employed by Edward D. Jones & Co., L.P. as a Branch Auditor,

23  and formerly worked as a Branch Office Administrator from December 2008 through March 2017. I

24  have personal knowledge of the facts set forth below.

25  Attached hereto as Exhibit "A" is a true and correct copy of a student presentation I created for the

26  Capstone course in Summer 2015 as part of the Master of Business Administration ("MBA") program

27  at Marylhurst University. I delivered the presentation slides directly to my professor and gave the

28  presentation to my professor over the telephone. I did not give the presentation or the presentation

1    slides to anyone else.  The presentation was created exclusively from my own outside research and

2    publicly available documents (without any Edward Jones-specific information or internal information,

3    whether regarding the DOL fiduciary rule or any plans for new product or account offerings, or

4    otherwise).   I did not show this presentation to anyone at Edward Jones.

5

6            Executed this _20_ day of November, 2018, at Portland, Oregon.

7            I declare under penalty of perjury under the laws of the United States of America and

8    under the laws of the States of Oregon and California that the foregoing is true and correct.

9

10                          SHELLEY GRAF

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

# EdwardJones

## DOL Fiduciary and Conflict of Interest Proposal



- BACKGROUND
- ISSUE
- OPTIONS
- IN SUMMARY
- Results
- CHALLANGES



- IMPLEMENTATION
- MARKETING — *Industry Leader*
- PRODUCTS — *New Product Addition*
- FINANCIAL ADVISORS — *Education*



## SOLUTIONS
Recommendations to meet DOL Regulations

1. Train Financial Advisors
2. Address Product Line
3. Share the Good News
4. Implementation Process

# BACKGROUND

Bringing 1974 Retirement Law up to Date



Employee Retirement Security Act of 1974

Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010

Department of Labor Fiduciary Proposal 2010

Deparment of Labor Fiduciary Proposal 2015



# DOL Proposal 2015 - Highlights

- Redefine 'Fiduciary'

- Redefine 'Investment Advice'

- Close the 'Fiduciary Gap'

- Eliminate Conflicts of Interest



# ISSUE

## Department of Labor Fiduciary and Conflict of Interest Proposal - 4/15

The April 2015 Department of Labor proposal presents several issues for financial companies attempting to meet the fiduciary and conflict of interest regulations.

- Fiduciary Obligation
- Education
- Fees

# 👉 OPTIONS

Many find the proposed regulations complicated, some calling them "difficult, if not impossible, to navigate" (Gallagher, 2015). Some financial companies will choose not to navigate them at all.

- Work-arounds

- Reduce asset selection

- Fee-based accounts

# SOLUTIONS

Recommendations to
meet DOL Regulations

1. Train Financial Advisors

2. Address Product Line

3. Share the Good News

4. Implementation Process

# FINANCIAL ADVISORS



## Opportunities

According to the Jones Financial 2014 annual statement, "a significant number of the Partnership's financial advisors have been licensed as brokers for less than three years." If fiduciary responsibility is put on the shoulders of these novice advisors, considerable risk to the firm is added unless steps are taken to prepare them.

## Preparing our Sales Force

- Train FA's as Fiduciaries
- Expand Training Further
    - Taxes
    - International Finance
    - Advanced Theory
- Knowledge-based Exams for Advancement
- Prioritize hiring of experienced advisors
- Mentor new advisors
    - 6-18 Months Required

y Solutions
established product

New Fee-Based Account
• FA managed

# PRODUCTS



## Fee-Based Account

A carve out in ERISA and the DOL proposal is a fee based account.

Advisory Solutions

Create New Product

Work with Product Partners

- Expand Training Further
  Taxes
  International Finance
  Advanced Theory
- Knowledge-based Exams for Advancement
- Prioritize hiring of experienced advisors
- Mentor new advisors
  6-18 Months Required

### Advisory Solutions
- Established product
- Meets DOL requirements
- High fees

### New Fee-Based Account
- FA managed
- Fewer Sub Account Fees
- Cheaper for the Investor

Caution: Churning

Meeting and exceeding the fiduciary hurdles of the proposed DOL regulation will put Edward Jones in an industry leading position.

My recommendation is to make the most of this position through marketing program



# MARKETING
## Industry Leader

Create a marketing program highlighting our industry leading position and share the good news!

# Meeting and exceeding the fiduciary hurdles of the proposed DOL regulation will put Edward Jones in an industry leading position.

My recommendation is to make the most of this position through marketing program

A series of TV ads
- Rebrand our Financial Advisors as "Advisers"

- Maximize transparency to the client

- Take advantage of the new regulations' public perception

- Increase consumer confidence

Caution: Churning

- Create buy-in from managing partners and regional leadership

- The change to regulations should not be underestimated



# IMPLEMENTATION

Because change is best accomplished when there is a plan, create an intentional implementation process.

- Create buy-in from managing partners and regional leadership

- The change to regulations should not be underestimated

- Various types of employee training

- Work with product partners to educate

- Take advantage of the new regulations' public perception

- Increase consumer confidence

# Results

Well trained sales force

Increase investor confidence

Industry Though Leader

# CHALLANGES

Historical Performance

Pre-existing Third-Party Contracts

FA Pay Structure

Documentation

# IN SUMMARY



Work with, not around the regulations

Train employees to meet high standards

Implement a plan to make changes sticky

Share the good news with customers and soon-to-be customers

# Edward Jones

## DOL Fiduciary and Conflict of Interest Proposal







### BACKGROUND

### ISSUE

### Results

### OPTIONS

### CHALLANGES

### IN SUMMARY

### IMPLEMENTATION

### MARKETING
Industry Leader

### PRODUCTS
Fee-Based Account

### FINANCIAL ADVISORS
Opportunities



### SOLUTIONS
Recommendations to
meet DOL Regulations

1. Train Financial Advis
2. Address Product Line
3. Share the Good New
4. Implementation Proc