| | |
|---|---|
| MERYL L. YOUNG, SBN 110156<br>　myoung@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>3161 Michelson Drive<br>Irvine, CA 92612-4412<br>Telephone: 949.451.3800<br>Facsimile: 949.451.4220 | SAMUEL A. KEESAL, SBN 38014<br>　skip.keesal@kyl.com<br>KEESAL, YOUNG & LOGAN<br>400 Oceangate<br>Long Beach, CA 90802<br>Telephone: 562.436.2000<br>Facsimile: 562.436.7416 |
| ALEXANDER K. MIRCHEFF, SBN 245074<br>　amircheff@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520 | JULIE L. TAYLOR, SBN 154341<br>　julie.taylor@kyl.com<br>KEESAL, YOUNG & LOGAN<br>450 Pacific Avenue<br>San Francisco, CA 94133<br>Telephone: 415.398.6000<br>Facsimile: 415.981.0136 |

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| IN RE EDWARD D. JONES & CO., L.P. SECURITIES LITIGATION | CASE NO. 2:18-cv-00714-JAM-AC<br><br>**REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**<br><br>**Hearing:**<br>Date:　　May 21, 2019<br>Time:　　1:30 p.m.<br>Place:　　Courtroom 6, 14th Floor<br>　　　　　501 I Street<br>　　　　　Sacramento, CA 95814<br><br>Judge:　　Hon. John A. Mendez |

# I. INTRODUCTION

As a panel of the Court of Appeals for the Ninth Circuit recently reaffirmed, in ruling on a motion to dismiss, courts may consider matters outside a complaint through (1) judicial notice under Federal Rule of Evidence 201 and (2) the doctrine of incorporation by reference. The documents attached to the concurrently filed Declaration of Alexander Mircheff ("Mircheff Declaration") satisfy one or both of these doctrines. Defendants respectfully request that the Court consider these documents in connection with Defendants' Motion to Dismiss Plaintiffs' Amended Complaint.

# II. ARGUMENT

As set forth below, exhibits to the Mircheff Declaration meet the standards for consideration in connection with Defendants' Motion to Dismiss. *E.g.*, *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018); *infra* chart in Section II.B. Exhibits 1-33, 37-38, 40-41, and 43 are written agreements, incorporated disclosures, and other documents that are referenced and/or quoted in the Amended Complaint (Dkt. 24). They are therefore properly considered in their entirety under the doctrine of incorporation by reference. *See, e.g.*, *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Further, Exhibits 1-6 and 34-38 are publicly available documents filed with the U.S. Securities and Exchange Commission ("SEC"), which are properly the subject of judicial notice. *See* Fed. R. Evid. 201; *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) ("We . . . may consider documents referred to in the complaint or any matter subject to judicial notice, such as SEC filings."). Finally, Exhibits 40-45 are other publicly available documents from sources that courts regularly judicially notice in cases such as this. *See* Fed. R. Evid. 201; *see also, e.g.*, *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994); *In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1062 (C.D. Cal. 2012).

## A. Legal Standards

Facts subject to judicial notice may be considered on a motion to dismiss. *E.g.*, *NVIDIA*, 768 F.3d at 1051; *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1058 (N.D. Cal. 2012) (citing *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001)); *Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d at 1060. Pursuant to Federal Rule of Evidence 201, a

court may take judicial notice of relevant facts that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). This includes facts that are "generally known within the trial court's territorial jurisdiction," and facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.*

The doctrine of "incorporation by reference" also permits consideration of a document when a "plaintiff's claim depends on [its] contents . . . even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel*, 393 F.3d at 1076. Under such circumstances, the document becomes part of the complaint. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

A panel of the Ninth Circuit recently examined both judicial notice and the doctrine of incorporation by reference in the context of a motion to dismiss a securities class action. *See Khoja*, 899 F.3d at 988. The *Khoja* panel reaffirmed that, when properly applied, judicial notice and incorporation by reference "have roles to play at the pleading stage," while cautioning against misuse of these mechanisms to allow parties to present "their own version of the facts." *Id.* at 998-99. Courts must still take judicial notice of matters of public record where the necessary information is supplied and there is no reasonable dispute as to the contents of the documents. *See id.* at 1001-02; Fed. R. Evid. 201(c).

With respect to incorporation by reference, the *Khoja* panel reiterated that incorporation by reference generally permits courts to accept the truth of matters asserted in incorporated documents, although courts should not do so "only to resolve factual disputes against the plaintiff's *well-pled* allegations." *Khoja*, 899 F.3d at 1014 (emphasis added). But this does not change the appropriate analysis of inadequately pleaded and conclusory allegations. After all, courts "are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998); *see also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit."), *as amended by* 275 F.3d 1187 (9th Cir. 2001); *ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 119 F. Supp. 3d 1213, 1230 (C.D. Cal. 2015) (same holding, relying on *Steckman*).

Gibson, Dunn & Crutcher LLP

Here, Defendants do not seek to use judicial notice or incorporation by reference to dispute any particularized factual allegations in the manner the *Khoja* panel was concerned about. Rather, because the undisputed contents of these documents contradict Plaintiffs' conclusory allegations, the Court should not accept those conclusory allegations as true. *See Steckman*, 143 F.3d at 1295-96.

**B.    The Exhibits to the Mircheff Declaration May Properly be Considered**

The following chart outlines the exhibits attached to the Mircheff Declaration, of which the Court should take judicial notice and/or consider under the separate doctrine of incorporation by reference:

| Exhibit No. | Document Title | Date | Complaint References | Also Subject to Judicial Notice |
|---|---|---|---|---|
| Ex. 1 | Form 8-K | Jan. 9, 2017 | ¶ 180 | Subject to Request for Judicial Notice |
| Ex. 2 | 2014 Form 10-K | Mar. 27, 2015 | ¶¶ 66, 68, 128, 131, 144, 168 | Subject to Request for Judicial Notice |
| Ex. 3 | 2015 Form 10-K | Mar. 11, 2016 | ¶¶ 66, 128, 131, 144, 168 | Subject to Request for Judicial Notice |
| Ex. 4 | 2016 Form 10-K | Mar. 15, 2017 | ¶¶ 58, 66, 90, 128, 131, 144, 168 | Subject to Request for Judicial Notice |
| Ex. 5 | 2017 Form 10-K | Mar. 15, 2018 | ¶¶ 5, 31, 66, 116, 119, 122, 125, 128, 131, 144, 161, 168, 188, 203 | Subject to Request for Judicial Notice |
| Ex. 6 | Form 10-Q | Nov. 10, 2016 | ¶ 64 | Subject to Request for Judicial Notice |
| Ex. 7 | Anderson Advisory Solutions Fund Models Brochure | Mar. 30, 2015 | ¶¶ 90, 107 180, 234 | |
| Ex. 8 | Corum Advisory Solutions Fund Models Brochure | Mar. 30, 2015 | ¶¶ 90, 107, 180, 234 | |
| Ex. 9 | C. Worthington Advisory Solutions Fund Models Brochure | July 30, 2014 | ¶¶ 90, 107, 180, 234 | |
| Ex. 10 | J. Worthington Advisory Solutions Fund Models Brochure | Oct. 24, 2013 | ¶¶ 90, 107, 180, 234 | |

| | | | | |
|---|---|---|---|---|
| Ex. 11 | Worthington Trust Guided Solutions Flex Account Brochure | June 22, 2016 | ¶¶ 107, 108, 180, 234 | |
| Ex. 12 | Goral Guided Solutions Fund Account Brochure | Nov. 10, 2017 | ¶¶ 107, 108, 180, 234 | |
| Ex. 13 | August 11, 2017 Fund Models Brochure | Aug. 11, 2017 | ¶¶ 199, 180, 234 | |
| Ex. 14 | Anderson Fund Model Client Agreement | June 23, 2015 | ¶¶ 8, 105-108, 180, 234 | |
| Ex. 15 | Corum Fund Model Client Agreement | Apr. 27, 2015 | ¶¶ 105-108, 180, 234 | |
| Ex. 16 | C. Worthington Fund Model Client Agreement | Mar. 16, 2015 | ¶¶ 105-108, 180, 234, 254 | |
| Ex. 17 | J. Worthington Fund Model Client Agreement | Jan. 17, 2014 | ¶¶ 105-108, 180, 234, 254 | |
| Ex. 18 | Worthington Trust Flex Account Client Services Agreement | *Undated* | ¶¶ 105-108, 180, 234, 254 | |
| Ex. 19 | Goral Fund Account Client Services Agreement | Dec. 2017 | ¶¶ 105-108, 180, 234, 254 | |
| Ex. 20 | Worthington Trust Flex Account Authorization and Agreement Form | July 25, 2016 | ¶¶ 105-108, 180, 234, 254 | |
| Ex. 21 | Goral Fund Account Authorization and Agreement Form | Jan. 16, 2018 | ¶¶ 105-108, 180, 234, 254 | |
| Ex. 22 | Worthington Trust Flex Account Client Profile | July 25, 2016 | ¶¶ 107, 108, 180, 234 | |
| Ex. 23 | Goral Fund Account Client Profile | Jan. 8, 2018 | ¶¶ 107, 108, 180, 234 | |
| Ex. 24 | Anderson Advisory Solutions Presale Prospectus Letter | June 23, 2015 | ¶¶ 107, 108, 180, 234 | |
| Ex. 25 | Corum Advisory Solutions Presale Prospectus Letter | Apr. 27, 2015 | ¶¶ 107, 108, 180, 234 | |
| Ex. 26 | C. Worthington Advisory Solutions Presale Prospectus Letter | Mar. 16, 2015 | ¶¶ 107, 108, 180, 234 | |
| Ex. 27 | J. Worthington Advisory Solutions Presale Prospectus Letter | Jan. 17, 2014 | ¶¶ 107, 108, 180, 234 | |
| Ex. 28 | Worthington Trust Guided Solutions Flex | *Undated* | ¶¶ 107, 108, 180, 234 | |

| | | | | |
|---|---|---|---|---|
| | | | Account Schedule of Fees | | | |
| Ex. 29 | Goral Guided Solutions Fund Account Schedule of Fees | Apr. 2017 | ¶¶ 107, 108, 180, 234 | |
| Ex. 30 | Making Good Choices Brochure | Exp. Nov. 30, 2014 | ¶¶ 108, 109, 124, 152, 180, 234 | |
| Ex. 31 | Making Good Choices Brochure | Exp. Nov. 30, 2015 | ¶¶ 108, 109, 124, 152, 180, 234 | |
| Ex. 32 | Making Good Choices Brochure | Exp. Aug. 31, 2016 | ¶¶ 108, 109, 124, 152, 180, 234 | |
| Ex. 33 | Making Good Choices Brochure | Exp. Mar. 31, 2018 | ¶¶ 108, 109, 124, 152, 180, 234 | |
| Ex. 34 | AIM Investment Securities Funds' Form N-CSR | May 31, 2018 | | Subject to Request for Judicial Notice |
| Ex. 35 | AIM Tax-Exempt Funds' Form N-CSR | May 31, 2018 | | Subject to Request for Judicial Notice |
| Ex. 36 | American Funds Global Balanced Fund's Form N-CSR | Jan. 23, 2018 | | Subject to Request for Judicial Notice |
| Ex. 37 | Bridge Builder Prospectus | Oct. 24, 2013 | Incorporated by Reference in Brochures, Client Services Agreements, Client Agreements, Presale Prospectus Letters, and Authorization and Agreement Forms *See also* ¶ 90 | Subject to Request for Judicial Notice |
| Ex. 38 | Bridge Builder Prospectus | Oct. 27, 2014 | Incorporated by Reference in Brochures, Client Services Agreements, Client Agreements, Presale Prospectus | Subject to Request for Judicial Notice |

Gibson, Dunn & Crutcher LLP

| | | | Letters, and Authorization and Agreement Forms *See also* ¶ 90 | |
|---|---|---|---|---|
| Ex. 40 | Bridge Builder Press Release | Sept. 3, 2013 | *See* ¶ 234 | Subject to Request for Judicial Notice |
| Ex. 41 | Michael Wursthorn, *Edward Jones Shakes Up Retirement Offerings Ahead of Fiduciary Rule*, Wall St. J. | Aug. 17, 2016 | ¶¶ 62, 110 | Subject to Request for Judicial Notice |
| Ex. 42 | Michael Wursthorn, *Merrill Lynch to End Commission-Based Options for Retirement Savers*, Wall St. J. | Oct. 6, 2016 | *n/a* | Subject to Request for Judicial Notice |
| Ex. 43 | Edward D. Jones & Co.'s Letter Comments to Department of Labor re: Proposed Conflict of Interest Rule | July 21, 2015 | ¶ 49 | Subject to Request for Judicial Notice |
| Ex. 44 | Edward D. Jones & Co.'s Letter Comments to Department of Labor re: Definition of the Term "Fiduciary" | Apr. 17, 2017 | *n/a* | Subject to Request for Judicial Notice |
| Ex. 45 | Dalas L. Gundersen's FINRA BrokerCheck Report | *Undated* | *n/a* | Subject to Request for Judicial Notice |

**1. Disclosures, Agreements, and Other Documents Relating to Plaintiffs**

Defendants request that the Court consider Exhibits 1-33, 37-38, 40-41, and 43, which are referenced and/or quoted in the Amended Complaint. These exhibits include documents related to Plaintiffs' accounts with Edward Jones that are the subject of this litigation—including their signed account agreements and disclosures provided to them in connection with the openings of their accounts—as well as other public statements by Edward Jones cited in the Amended Complaint. It is well established that "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *see*

*also Ritchie*, 342 F.3d at 908 (explaining that a document not attached to the complaint, but referenced therein, may be considered on defendant's motion to dismiss). Thus, a document is properly incorporated where it is referred to extensively in the complaint or forms the basis of the plaintiff's claim. *Khoja*, 899 F.3d at 1002. Furthermore, the *full text* of documents referenced or cited in a complaint may be considered even though the complaint quotes only portions of those documents. *See Cooper v. Pickett*, 137 F.3d 616, 623 (9th Cir. 1997).

Here, Exhibits 1-33, 37-38, 40-41, and 43 are referenced extensively in Plaintiffs' Amended Complaint, and also underlie Plaintiffs' claims for relief, so the Defendants accordingly request that the Court incorporate them by reference. *See supra* chart in Section II.B. These exhibits are not submitted to "create a defense," but rather meet the precise purpose of the doctrine: "[P]revent[ing] the plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Khoja*, 899 F.3d at 1002, 1003 (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681-82 (9th Cir. 2006)).

Indeed, Plaintiffs refer to only portions of Exhibits 1-33, 37-38, 40-41, and 43 to argue alleged misrepresentations, but fail to reference other portions of the documents that contradict their allegations. Defendants' purpose in seeking to incorporate these exhibits is not to contradict well-pleaded allegations, but instead to show that Plaintiffs' conclusory allegations about Defendants' statements are not well-pleaded at all. The undisputed contents of these exhibits underscore that Plaintiffs' allegations are conclusory and actually contradicted by the documents to which they refer, and thus, are insufficient as a matter of law. *See Steckman*, 143 F.3d at 1295-96.

Accordingly, because they form the basis of the Plaintiffs' claims and are explicitly referenced and/or quoted in the Amended Complaint, it is appropriate for the Court to consider Exhibits 1-33, 37-38, 40-41, and 43 based on the doctrine of incorporation by reference. *See supra* chart in Section II.B.

### 2. Materials Filed with the SEC

Defendants request that the Court take judicial notice of Exhibits 1-6 and 34-38, all filed with the SEC and publicly available. It is well established that judicial notice of such documents is proper.

*See, e.g.*, *Dreiling*, 458 F.3d at 946 n.2 ("We . . . may consider documents referred to in the complaint or any matter subject to judicial notice, such as SEC filings."). Exhibits 1-6 and 34-38 are Forms 10-K, a Form 10-Q, a Form 8-K, Forms N-CSR, and Forms N-1A that were filed with the SEC and are publicly available. Accordingly, they are judicially noticeable. *See, e.g.*, *Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d at 1062 (taking judicial notice of defendant's Form 10-K and 10-Q); *In re Countrywide Fin. Corp. Sec. Litig.*, 588 F. Supp. 2d 1132, 1160 (C.D. Cal. 2008) (taking judicial notice of defendants' prospectus filed with the SEC); *Glenbrook Capital Ltd. P'ship v. Kuo*, 525 F. Supp. 2d 1130, 1137 (N.D. Cal. 2007) (taking judicial notice of defendant's Form 8-K). Thus, the Court should take judicial notice of Exhibits 1-6 and 34-38.[1]

Moreover, Exhibits 1-6 and 37-38 are referenced explicitly and/or quoted in the Amended Complaint, *see supra* chart in Section II.B, and thus additionally should be considered under the doctrine of incorporation by reference. *See supra* Section II.B.1.

### 3. Press Releases and News Articles

Defendants request that the Court take judicial notice of Exhibits 40-42, which are press releases and news articles that include information referenced in Plaintiffs' Amended Complaint. Taking judicial notice of press releases and news articles is a long-established practice in securities cases in order to show what statements were made to the public. *In re Kalobios Pharm., Inc. Sec. Litig.*, 258 F. Supp. 3d 999, 1003 (N.D. Cal. 2017) (citing *Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d at 1062); *ScripsAmerica, Inc.*, 119 F. Supp. 3d at 1231 (citing *Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 980 n.18 (9th Cir. 1999)). Here, Exhibits 40-42 are public press releases and news articles regarding Defendants' commentary about the effects of the Department of Labor's

---

[1] Exhibit 39 shows that Plaintiff Janet Goral invested in "covered" securities (*see* Ex. 36) and is submitted in connection with Defendants' argument for dismissal of the state law claims (Counts VI and VII) under the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"). SLUSA preclusion raises an issue of subject-matter jurisdiction, and therefore consideration of Exhibit 39 is appropriate as well. *See Northstar Fin. Advisors, Inc. v. Schwab Investments*, 904 F.3d 821, 834-35 (9th Cir. 2018); *Kenneth Rothschild Tr. v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 999-1000, 1004 & n.19 (C.D. Cal. 2002) (granting motion to dismiss where securities were "covered" under SLUSA and noting that "to determine whether it has subject-matter jurisdiction, a court may consider and weigh extrinsic evidence").

("DOL") Fiduciary Rule, and thus, they are judicially noticeable. Accordingly, this Court should take judicial notice of Exhibits 40-42.

Moreover, Exhibits 40 and 41 are referenced explicitly and/or quoted in the Amended Complaint, *see supra* chart in Section II.B, and thus additionally should be considered as incorporated by reference. *See supra* Section II.B.1.

### 4. Edward Jones's Comments to the Department of Labor

Defendants request that the Court take notice of Exhibits 43 and 44, which are letters from Edward Jones to the DOL commenting on the DOL's Fiduciary Rule. These documents are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). In general, courts have agreed that "records and reports of administrative bodies . . . clearly constitute such materials [capable of judicial notice]." *Barron*, 13 F.3d at 1377. Comments to administrative bodies, such as Defendant Edward Jones's comments in response to the new Fiduciary Rule, have been judicially noticed by courts and taken as true reflections that the statements therein were made. *See Brantley v. NBC Universal, Inc.*, 2008 WL 11338585, at *2 n.2 (C.D. Cal. Mar. 10, 2008) (citing *Barron*, 13 F.3d at 1377). Accordingly, the Court should take judicial notice of Exhibits 43 and 44.

Moreover, Exhibit 43 is referenced explicitly and/or quoted in the Amended Complaint, *see supra* chart in Section II.B, and thus additionally should be considered by incorporation by reference. *See supra* Section II.B.1.

### 5. FINRA BrokerCheck Report

Finally, Defendants request that the Court consider Exhibit 45, a "BrokerCheck Report" from the Financial Industry Regulation Authority ("FINRA"). BrokerCheck Reports, such as Exhibit 45, are proper subjects of judicial notice, as they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *Freeney v. Bank of Am. Corp.*, 2015 WL 12535021 at *18 (C.D. Cal. Nov. 19, 2015) (citing *Wilson v. Bodnar*, 750 F. Supp. 2d 186, 188 n.5 (D. Me. 2010)) (taking judicial notice of a FINRA BrokerCheck Report). Accordingly, the Court should consider the FINRA BrokerCheck Report attached as Exhibit 45.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider the foregoing exhibits to the Mircheff Declaration in conjunction with the Motion to Dismiss.

Dated: November 21, 2018

By: /s/ Meryl L. Young
MERYL L. YOUNG
GIBSON, DUNN & CRUTCHER LLP