IVY T. NGO (249860)
BRIAN HANLIN, (pro hac vice)
FRANKLIN D. AZAR (pro hac vice)
**FRANKLIN D. AZAR & ASSOCIATES, P.C.**
14426 East Evans Avenue
Aurora, CO 80014
Telephone:   (303) 757-3300
Facsimile:   (720) 213-5131
ngoi@fdazar.com
hanlinb@fdazar.com
azarf@fdazar.com

JOHN R. GARNER (246729)
**GARNER & ASSOCIATES**
109 North. Marshall Avenue
P.O. Box 908
Willows, CA  95988
Telephone:  (530) 934-3324
Facsimile:   (530) 934-2334
john@garner-associates.com
*Counsel for Lead Plaintiffs*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: EDWARD D. JONES & CO., L.P., SECURITIES LITIGATION | No.  18-cv-00714-JAM-AC<br><br>**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE**<br><br>**Hearing:**<br>Date:        May 21, 2019<br>Time:        1:30 p.m.<br>Place:       Courtroom 6, 14th Floor<br>                 501 I Street<br>                 Sacramento, CA 95814<br>Judge:      Hon. John A. Mendez |

Plaintiffs respectfully submit this memorandum of law in opposition to Defendants' request that the Court take judicial notice of Exhibits 1-6, 34-38, and 40-44 "(Exhibits)" ("Request") and to any use of the incorporation-by-reference doctrine.

**PRELIMINARY STATEMENT**

Granting Defendants' Request at this stage of the litigation would impermissibly establish facts which a jury should decide and risk a premature dismissal of Plaintiffs' plausible claims. It would also allow Defendants to use the judicial notice mechanism to "undermine the usual pleading burdens" and the incorporation-by-reference doctrine to be used as a tool to short-circuit the resolution of a well-pleaded claim.

Even if judicial notice were appropriate at this stage, not *every* fact asserted in the Exhibits may be judicially noticed for the truth of the matter because certain facts in the Exhibits are "subject to varying interpretations, and there is a reasonable dispute" as to what they establish. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018). Defendants have failed to indicate specifically what facts in the Exhibits they wish to be judicially noticed and failed to show why the incorporation-by-reference doctrine applies. As a result, Defendants' Request should be denied in its entirety.

**ARGUMENT**

**Judicial Notice of the Exhibits Is Inappropriate at this Stage of the Litigation**

The Court should not take judicial notice of the Exhibits at this early juncture in the litigation. Federal Rule of Evidence ("FRE") 201 states that the Court may judicially notice a fact that is not subject to reasonable dispute *only* if it:

(1) is generally known within the trial court's territorial jurisdiction; or

(2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

FRE 201 is, in fact, an evidentiary exception meant for trial. "First, judicial notice can be a substitute for the presentation of evidence" because "a party asserting a fact bears the burden of proving that fact with evidence. But judicial notice lets a party skip this production (and the

accompanying authentication) for certain facts." *See Castillo-Villagra v. INS*, 972 F.2d 1017, 1026 (9th Cir. 1992) ("Notice is a way to establish the existence of facts without evidence.").[1] **Second, "judicial notice can be a workaround for the exclusion of evidence. As a general rule, parties can't present (and courts can't consider) evidence outside of the complaint when deciding a Rule 12(b)(6) motion to dismiss."** *See Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989).[2] Courts can, however, consider extrinsic evidence – i.e., evidence outside the complaint – in the context of deciding a request to take judicial notice.

Since the usual method of establishing adjudicative facts is through the introduction of testimonial evidence which has been subject to cross-examination and rebuttal, it is dispensed with as unnecessary only when the essential prerequisite of a "high degree of indisputability" has been met.[3] In our adversarial system, "[t]he key to a fair trial is opportunity to use the appropriate weapons (rebuttal evidence, cross-examination, and argument) to meet adverse materials that come to the tribunal's attention."[4] Thus, the presumption is in favor of the usual method of establishing adjudicative facts – i.e., the testimony of witnesses subject to cross-examination, rebuttal, etc. – and Defendants must satisfy the fixed prerequisite of a high degree of indisputability in order for the Exhibits to be judicially noticed. Judicial notice of evidence outside the complaint is, after all, an *exception* in considering a 12(b)(6) motion to dismiss, whereas a summary judgment motion considers evidence outside the complaint that has been authenticated and subjected to questioning. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).[5]

---

[1] *Hsingching Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865, (C.D. Cal. 2017)

[2] *Puma Biotechnology, supra.*

[3] FRE 201, *Notes of Advisory Committee on Proposed Rules*.

[4] Kenneth Davis, *A System of Judicial Notice Based on Fairness and Convenience*, in Perspectives of Law 69 (1964), quoted in FRE 201 Notes of Advisory Committee.

[5] When "matters outside the pleading are presented to and not excluded by the court," the 12(b)(6) motion converts into a motion for summary judgment under Rule 56. *See also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, __ (9th Cir. 2018).

Defendants have not shown that the exception for FRE 201 applies here. Not only do they make a bare, across-the-board assertion concerning its applicability, but they are mistaken as to how FRE 201 works in practice. First, FRE 201(b)(1), which reflects the common law rule that facts "within the trial court's territorial jurisdiction" may be judicially noticed if the judge (as a proxy for the general knowledge of the community) simply "knew" it,[6] does not apply here because the Court does not know that the facts laid out in the Exhibits are true and Defendants have not provided the Court with enough information to assure it that such facts are true. Only FRE 201(b)(2) could apply, which allows the Court to take judicial notice of "adjudicative" facts – which relate to the parties and would otherwise go to a jury – if those facts "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[7] Such judicially noticed facts are simply submitted to the jury with an instruction from the judge that such facts are conclusively established, which is inappropriate at the pleading stage.

In the context of a motion to dismiss, if defendants selectively introduce extrinsic documents for judicial notice which have not been subject to cross-examination, plaintiffs are then required to defend their complaint without evidence to prove their case that would be obtained in discovery. As the Ninth Circuit has recently noted:

> The overuse and improper application of judicial notice and the incorporation-by-reference doctrine…can lead to unintended and harmful results. Defendants face an alluring temptation to pile on numerous documents to their motions to dismiss to undermine the complaint, and hopefully dismiss the case at an early stage. Yet the unscrupulous use of extrinsic documents to resolve competing theories against the

---

[6] Jeffrey Bellin and Andrew Guthrie Ferguson, *Trial by Google: Judicial Notice in the Information Age*, 108 NW. U. L. REV. 1137, 1152 (2014). At common law, the judge was the arbiter of common knowledge. A fact could only be noticed if the judge knew it to be true or could be assured it was true. The wording of FRE 201(b)(2), however, shifts the focus away from the judge's authority and places more emphasis on the accuracy of the source itself. *See* Daniel A. Dorfman and Michael C. Zogby, "Judicial Notice: An Underappreciated and Misapplied Tool of Efficiency," *Defense Council Journal*, Volume 84, No. 2.

[7] Fed. R. Evid. 201(b) Advisory Committee's Notes ("When a court or an agency finds facts concerning the immediate parties—who did what, where, when, how, and with what motive or intent—the court or agency is performing an adjudicative function, and the facts are conveniently called adjudicative facts. Stated in other terms, the adjudicative facts are those to which the law is applied in the process of adjudication. They are the facts that normally go to the jury in a jury case.")

> complaint risks premature dismissals of plausible claims that may turn out to be valid after discovery. This risk is especially significant in SEC fraud matters, where there is already a heightened pleading standard, and the defendants possess materials to which the plaintiffs do not yet have access.

*See Khoja,* 899 F.3d at 999, quoting *In re Rigel Pharm., Inc. Sec. Litig.,* 697 F.3d 869, 876 (9th Cir. 2012).  If defendants are permitted to present their own version of the facts at the pleading stage – and district courts accept those facts as uncontroverted and true – it becomes near impossible for even the most aggrieved plaintiff to demonstrate a sufficiently plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).  Such undermining of the usual pleading burdens is not the purpose of judicial notice or the incorporation-by-reference doctrine.  Because granting Defendants' Request would conclusively establish facts which a jury should decide, and risk a premature dismissal of Plaintiffs' plausible claims, the Request should be denied.

Moreover, in *In re Kalobios Pharm., Inc. Sec. Litig.*, 258 F. Supp. 3d 999, 1003 (N.D. Cal. 2017), to which Defendants cite (Request at 9), the court explicitly stated that judicial notice is "limited to a narrow set of circumstances" – e.g., to show, in the securities context, that information was publicly available. The *Kalobois* Court went on to say that judicial notice is appropriate only when the thing to be noticed is from a source where there is "little dispute as to the authenticity of the articles" and should come from "credible and mainstream sources." *Id*. at 1004.  Here, Defendants request judicial notice of press releases, but the *Kalobois* decision was clear that judicial notice of a press release is limited to whether the information was available for purposes of showing reliance and/or an efficient capital market. *Id*. at 1003.  *Kalobois* did not, in any way, give courts carte blanche to give wholesale, blanket notice to press releases in general.

**Defendants' Request Is Impermissibly Broad and Misplaced**

Even if judicial notice were appropriate at this stage, not every fact asserted in the Exhibits may be judicially noticed for the truth of the matter.  "Just because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *See Khoja,* 899 F.3d at 999*.*  For example, "[i]t is improper to judicially notice a transcript when the substance of the transcript 'is subject to varying

1   interpretations, and there is a reasonable dispute as to what the [transcript] establishes.'" *Id*. at
2   1000 (admonishing lower court for impermissibly noticing whole, undifferentiated transcripts
3   without first determining if the contents of the transcript were entirely susceptible to judicial
4   notice). Likewise, the substance of the Exhibits is capable of differing and divergent
5   interpretations, so all the facts established by the Exhibits are "subject to reasonable dispute."
6   Accordingly, no fact in any Exhibit qualifies for judicial notice under Rule 201(b). Assuming,
7   *arguendo*, that this Court considers judicially noticing an Exhibit (or certain parts of it), it is still
8   incumbent on Defendants to define precisely which parts of the Exhibits are to be noticed and
9   which are not. *Id*. at 1000 (finding it reversible error to judicially notice transcripts because not
10  every assertion of fact within the transcripts were, as legally required, beyond dispute).

11  Like the defendants in *Khoja*, Defendants here have asked this Court to judicially notice
12  all the Exhibits in whole rather than making a thorough, painstaking, line-by-line analysis of each
13  Exhibit to determine how much, if any, of the document should be noticed. Similarly, Defendants
14  ask for judicial notice of press releases even though the very authority they cite – *In re Kalobios*
15  *Pharm., Inc. Sec. Litig*. – states unequivocally that press releases are noticed only in the limited
16  circumstance of showing that information was publicly disseminated. In other words, in a
17  securities case, a press release could be noticed only to show that the exception to reliance –
18  fraud-on-the-market – is available. *See Kalobios*, 258 F. Supp. 3d at 1003. Because Plaintiffs did
19  not plead fraud-on-the-market, there is no need to take judicial notice of press releases in this
20  case.

21  Finally, Defendants cite *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994) and ask this
22  court to judicially notice a report from Edward Jones to the Department of Labor ("DOL") as an
23  administrative record. Request at 1 and 10. But the precedential value of *Barron* is unavailing
24  for Defendants because it involved the judicial notice of a DOL handbook as a "record of an
25  administrative body." This is not what Defendants have requested here. They have requested
26  that an Edward Jones report to the DOL be judicially noticed. This is categorically and
27  undoubtedly different from the *Barron* case on which Defendants rely. It goes without saying
28  that a self-serving report from Edward Jones does not contain the kind of facts whose accuracy

PLAINTIFFS' MEMORANDUM OF
LAW IN OPPOSITION
CASE NO. 18-CV-00714-JAM-AC

"cannot reasonably be questioned." But this level of accuracy is precisely what is required by FRE 201 for a fact to be properly judicially noticed.

Accordingly, this Court should deny Defendants' Request and prevent them from utilizing the judicial notice mechanism to "undermine the usual pleading burdens."

**Incorporation by Reference is Unavailable**

Defendants, in their request for incorporation by reference, cite caselaw regarding the availability of the doctrine. Request at 7. It is a classic case of *ipse dixit*. Plaintiffs accept that incorporation by reference occupies a firm and longstanding place in American jurisprudence. This is not in dispute. What *is* in dispute, however, is whether the doctrine applies in this case. Plaintiffs respectfully submit that it does not. Moreover, even if it could be shown to apply to certain documents, Defendants have simply failed to make the case for its applicability. In one case cited by Defendants, *United States v. Ritchie*, the court ruled that the doctrine did ***not*** apply because the document at issue was "not 'reference[d] extensively'" in defendant's petition and the "petition was not 'integral to [her] claim.'" 342 F.3d 903 (9th Cir. 2003) ("the mere mention of the existence of a document is insufficient to incorporate the contents of a document by reference").[8]

Defendants have cited caselaw in which courts have articulated that incorporation by reference is indeed a legal doctrine, but they have not bothered to build an adequate argument for why it applies ***in this case***. In their Request, Defendants have simply and mechanically noted the existence of documents that they would like incorporated. But the "mere mention of the existence of a document is insufficient to incorporate the contents of a document by reference." *Id*. In support of their Request, Defendants state that Plaintiffs' claims are "explicitly referenced and/or quoted in the Amended Complaint." Request at 7. But being explicitly referenced and/or quoted is not what the doctrine requires. Rather, the references must be "extensive" and "integral." *Id.* at 903, 907. To qualify as "extensively referenced," *Khoja* required the document

---

[8] Defendants similarly cite *Khoja*, where the Ninth Circuit determined that the district court abused its discretion by judicially noticing the transcript and the report, faulting the lower court for failing to identify what fact or facts it was noticing in these documents. The appellate court also found that both documents' contents were subject to varying interpretations and reasonable dispute.

be cited at least more than once or be quoted from at length. To form the basis for a claim, the document must serve as the foundation for an element of the claim. *See Khoja*, 899 F.3d at 1005. Defendants have not satisfied any of these requirements. The incorporation-by-reference doctrine, *Khoja* underscored, "is not a tool for defendants to short-circuit the resolution of a well-pleaded claim." *Id*. at 999. Plaintiffs have submitted a well-pleaded claim.[9] Therefore, Defendants' request for incorporation by reference should be denied.

**CONCLUSION**

For the foregoing reasons, Defendants' Request for judicial notice and incorporation by reference should be denied in its entirety.

Dated:  January 23, 2019

Respectfully submitted,

*/s/ Ivy T. Ngo* _____
IVY T. NGO (249860)
BRIAN HANLIN (*pro hac vice*)
FRANKLIN D. AZAR (*pro hac vice*)
FRANKLIN D. AZAR & ASSOCIATES, P.C.
14426 East Evans Avenue
Aurora, CO 80014
Telephone:     (303) 757-3300
Facsimile:       (720) -213-5131
ngoi@fdazar.com
hanlinb@fdazar.com
azarf@fdazar.com


JOHN R. GARNER (246729)
GARNER & ASSOCIATES
109 North. Marshall Avenue
P.O. Box 908
Willows, CA  95988
Telephone:     (530) 934-3324
Facsimile:       (530) 934-2334
john@garner-associates.com

*Counsel for Lead Plaintiffs*

---

[9]   In *Sprewell v. Golden State Warriors*, 266 F.3d 979 (9th Cir. 2001), cited by Defendants, the court said that a "complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim." Here, Plaintiffs can – and will – prove a set of facts in support of the claims asserted.

# CERTIFICATE OF SERVICE

I, Ivy T. Ngo certify that on January 23, 2019 the foregoing Plaintiffs' Memorandum of Law in Opposition to Defendants' Request for Judicial Notice and Incorporation by Reference. was filed electronically in the Court's Electronic Filing System ("ECF"); thereby upon completion, the ECF system automatically generated a "Notice of Electronic Filing" as service through CM/ECF to registered email addresses to parties of record in the case, in particular on the following:

| | |
|---|---|
| MERYL L. YOUNG, SBN 110156<br>GIBSON, DUNN & CRUTCHER, LLP<br>3161 Michelson Drive<br>Irvine, CA 92612-4412<br>Telephone: (949) 451-3800<br>Facsimile: (949) 451-4220<br>myoung@gibsondunn.com | SAMUEL A. KEESAL, SBN 38014<br>KEESAL, YOUNG & LOGAN<br>400 Oceangate<br>Long Beach, CA 90802<br>Telephone: (562) 436-2000<br>Facsimile: (562) 436-7416<br>skip.keesal@kyl.com |
| ALEXANDER K. MIRCHEFF, SBN 245074<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520<br>amircheff@gibsondunn.com | JULIE L. TAYLOR, SBN 154341<br>KEESAL, YOUNG & LOGAN<br>450 Pacific Avenue<br>San Francisco, CA 94133<br>Telephone: (415) 398-6000<br>Facsimile: (415) 981-0136<br>julie.taylor@kyl.com |

*Counsel for Defendants*

By:    /s/ *Ivy T. Ngo*
        Ivy T. Ngo