| | |
|---|---|
| MERYL L. YOUNG, SBN 110156<br>  myoung@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>3161 Michelson Drive<br>Irvine, CA 92612-4412<br>Telephone: 949.451.3800<br>Facsimile: 949.451.4220 | SAMUEL A. KEESAL, SBN 38014<br>  skip.keesal@kyl.com<br>KEESAL, YOUNG & LOGAN<br>400 Oceangate<br>Long Beach, CA 90802<br>Telephone: 562.436.2000<br>Facsimile: 562.436.7416 |
| ALEXANDER K. MIRCHEFF, SBN 245074<br>  amircheff@gibsondunn.com<br>GIBSON, DUNN & CRUTCHER LLP<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone: 213.229.7000<br>Facsimile: 213.229.7520 | JULIE L. TAYLOR, SBN 154341<br>  julie.taylor@kyl.com<br>KEESAL, YOUNG & LOGAN<br>450 Pacific Avenue<br>San Francisco, CA 94133<br>Telephone: 415.398.6000<br>Facsimile: 415.981.0136 |

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| IN RE EDWARD D. JONES & CO., L.P. SECURITIES LITIGATION | CASE NO. 2:18-cv-00714-JAM-AC<br><br>**REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE**<br><br>**Hearing:**<br>Date:   May 21, 2019<br>Time:   1:30 p.m.<br>Place:  Courtroom 6, 14th Floor<br>        501 I Street<br>        Sacramento, CA 95814<br><br>Judge:  Hon. John A. Mendez |

Gibson, Dunn & Crutcher LLP

1    REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE

**TABLE OF CONTENTS**

Page

I. Introduction ........................................................................................................................ 1
II. Argument ........................................................................................................................... 1
    A. Incorporation by Reference Is Appropriate ............................................................ 1
    B. Judicial Notice Is Appropriate ................................................................................ 3
III. Conclusion ......................................................................................................................... 5

## I. INTRODUCTION

Plaintiffs accuse Defendants of committing securities fraud by using misleading statements to shift Plaintiffs' accounts, and then ask the Court to reject Defendants' request to consider the *very same statements* at issue in the Amended Complaint. Plaintiffs do not dispute the authenticity of the account-opening materials provided to Plaintiffs, containing extensive disclosures and their signed representations about their individual decisions to open Advisory Program accounts. Instead, Plaintiffs ignore Defendants' careful analysis of the application of the incorporation by reference and judicial notice doctrines to the documents submitted and rely on an inapplicable pleading standard—the one under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and Federal Rule of Civil Procedure 8(a)—rather than the governing standard under the Private Securities Litigation Reform Act of 1995 ("PSLRA"). RJN Opp. ("Opp.") at 5; Opp. to Motion to Dismiss ("MTD Opp.") at 2. Under the heightened standards of the PSLRA, Plaintiffs cannot escape the Court's consideration of the *actual contents*—rather than Plaintiffs' conclusory characterizations—of the representations at issue in their Amended Complaint or matters of public record. Defendants' Request for Judicial Notice and Incorporation by Reference ("Request") should be granted in its entirety.

## II. ARGUMENT

### A. Incorporation by Reference Is Appropriate

As Plaintiffs acknowledge, "[i]ncorporation by reference occupies a firm and longstanding place in American jurisprudence." Opp. at 7. But Plaintiffs try to rewrite the longstanding test for that doctrine, which, under their own authorities, applies if the complaint *either* "refers extensively to the document *or* the document forms the basis of the plaintiff's claim." *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (emphasis added); *see also Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002–03, 05 (9th Cir. 2018) (noting that the Ninth Circuit has affirmed incorporation by reference of materials "that the complaint did not reference at all" and citing *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)). Either justification is sufficient; both are present here.

In addition to wrongly contending that the test is conjunctive, Plaintiffs say Defendants did not argue the documents at issue were "integral" to the claims, and that the documents, though

undisputedly authentic, somehow are not referenced *enough* for the doctrine to apply. Opp. at 7–8. None of these positions is accurate. As Defendants explained, "Exhibits 1–33, 37–38, 40–41, and 43 are referenced extensively, and also underlie Plaintiffs' claims for relief." Request at 8.

As to whether the Exhibits "form the basis of Plaintiffs' claims" (*id.*), Defendants ask the Court to consider materials that Plaintiffs allege "contain[] an alleged misrepresentation" or omission. *Khoja*, 899 F.3d at 1005. Specifically, the Advisory Program Brochures (Exs. 7–13, 30–33), Client Agreements (Exs. 14–21), Client Profiles (Exs. 22–23), Prospectus Letters (Exs. 24–27), Schedules of Fees (Exs. 28–29), and Making Good Choices Brochures (Exs. 30–33), are all alleged by Plaintiffs to contain misstatements. ¶¶ 104–14; MTD Opp. at 3–7; *see also* Defendants' Motion to Dismiss Plaintiffs' Amended Complaint ("MTD") at 4–5. Those documents incorporate fund prospectuses (Exs. 37–38), which also provide disclosures to investors on the topics about which Plaintiffs claim to have been misled. And Plaintiffs repeatedly refer to public statements by EDJ regarding the Department of Labor ("DOL") Fiduciary Rule (Exs. 41 and 43) to try to suggest that there was an intent to defraud. ¶¶ 49, 62, 110, 234; MTD Opp. at 11–14; *see* MTD at 3, 11–13. These Exhibits necessarily form the basis of Plaintiffs' claims, which is reason enough to consider them. *See* Request at 7–8; *Khoja*, 899 F.3d at 1002–05.

The Amended Complaint's extensive references to these Exhibits provide another independent basis for considering them. Similarly, with respect to the SEC filings at Exhibits 2–5, Plaintiffs extensively reference them to allege that by virtue of individual Defendants' positions, or their department's involvement in planning and decision-making, they must have had knowledge of (or intent to engage in) alleged deception. ¶¶ 115–68; MTD Opp. at 8–11, 13–14; *see* MTD at 13. Contrary to Plaintiffs' contention, Defendants set forth the extensive and repeated citations of the Exhibits across multiple paragraphs of the Amended Complaint. Request at 4–7 (chart). These numerous references are much more than "mere mention[s]." Opp. at 7 (citing *Ritchie*, 342 F.3d at 903). Under Plaintiffs' own authority, such extensive references independently warrant consideration of the Exhibits. *See Khoja*, 899 F.3d at 1002–08.

Finally, Plaintiffs suggest that incorporation by reference is somehow rendered inapplicable by the *Twombly/Iqbal* standard. Opp. at 2, 7 & n.9. That is plainly incorrect, because this case is

Gibson, Dunn & Crutcher LLP

2  REPLY IN SUPPORT OF DEFENDANTS'
REQUEST FOR JUDICIAL NOTICE

governed by the heightened standards under the PSLRA. *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1052 (9th Cir. 2014). Plaintiffs also simply ignore that a court is not required to "accept as true *conclusory* allegations which are contradicted by documents referred to in the complaint." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295–96 (9th Cir. 1998) (emphasis added); *accord Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001); Request at 3–4, 8. All of the Exhibits at issue are appropriate for consideration to "contradict[]" "conclusory allegations," and the Court "may assume [an incorporated document's] contents are true for purposes of a motion to dismiss." *Khoja*, 899 F.3d at 1002–03.

**B.     Judicial Notice Is Appropriate**

Plaintiffs do not provide any valid reason for the Court not to judicially notice the matters of public record here, which include SEC filings (Exs. 1–6, 34–38), a press release (Ex. 40), articles in the Wall Street Journal about the DOL Rule (Exs. 41–42), public comments to the DOL (Exs. 43–44), and a FINRA record of discipline against the apparent source of Plaintiffs' conclusory claims (Ex. 45).

As Defendants explained, it is well-established that this Court may judicially notice such documents and facts on a motion to dismiss. *See* Request at 2–3. Plaintiffs try to obfuscate this principle by repeatedly noting that judicial notice is *also* an evidentiary "exception" that, when appropriate, can be used as an efficiency tool before trial to minimize the issues submitted to a jury. *See* Opp. at 2–3, 5. And so it is. But that does not suggest that this Court should disregard the numerous cases holding that judicial notice also is appropriate at the pleading stage. *E.g.*, *NVIDIA*, 768 F.3d at 1051; Request at 2–3. Plaintiffs' authority recognizes as much. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (judicial notice is proper on a motion to dismiss).

Relatedly, Plaintiffs wrongly contend that the Exhibits submitted here are "subject to varying interpretations, and there is a reasonable dispute" as to their meaning. Opp. at 2. This argument is entirely unsupported, as Plaintiffs fail to identify any competing "interpretation." In any event, all reasonable inferences in Defendants' favor are considered as part of the holistic analysis of scienter under the PSLRA. MTD at 14. As the Supreme Court has explained, "[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule

12(b)(6) motions to dismiss . . . and matters of which a court may take judicial notice. The inquiry . . . is whether all of the facts alleged, taken collectively, give rise to a strong inference of scienter . . . . A complaint will survive, we hold, only if a reasonable person would deem the inference of scienter cogent and at least as compelling as any opposing inference one could draw from the facts alleged." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-24 (2007) (citations omitted); *accord Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009).

In fact, Defendants offer the documents for what is plain on their face—i.e., that the statements were made, that they were made publicly, and when they were made—which is relevant to contradict Plaintiffs' conclusory assertions:

*Materials Filed with the SEC*: Defendants submit public filings with the SEC, including Forms 10-K, 8-K, and 10-Q (Exs. 1–6), that identify statements made publicly by EDJ. *See* MTD at 14; *see also Shurkin v. Golden State Vintners, Inc.*, 471 F. Supp. 2d 998, 1011 (N.D. Cal. 2006). With respect to the fund prospectuses (Exs. 37–38), also filed with the SEC, they provide the actual statements related to EDJ's ownership interest in certain funds as well as the management fees paid (or not paid) for such funds. MTD at 9–10, 10 n.10. Statements within these documents reflect that Plaintiffs were informed that Bridge Builder management fees went only to pay unaffiliated third parties (which is undisputed), and that Bridge Builder's affiliation with Defendants was disclosed. *Id.* at 2–3, 9–10, 10 n.10.[1] The other SEC filings (Exs. 34–36) show that Plaintiffs purchased "covered" securities under the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), which Plaintiffs do not dispute. MTD at 19–20; MTD Opp. at 19 n.21.

*Public Statements Regarding the DOL Rule*: Defendants submit public statements in the form of news articles and public comments to the DOL regarding their view of the burdens imposed by, and efforts to comply with, the DOL Rule. (Exs. 41–44.) These documents provide the actual statements made by Defendants regarding the DOL Rule. *See* MTD at 3, 11–13. In suggesting that the public comments during the rule-making process should not be considered, Plaintiffs ignore *Brantley v. NBC Universal, Inc.*, 2008 WL 11338585, at *2 n.2 (C.D. Cal. Mar. 10, 2008), which

---

[1] Similarly, Exhibit 40 is a public statement from EDJ further describing the Bridge Builder fund. *See also* infra n.2.

held that such comments are "properly the subject of judicial notice." And, with respect to Exhibit 42, that Wall Street Journal article is relevant to show other firms' public statements about the DOL Rule. MTD at 3 n.1. (Plaintiffs here, though, opened their Advisory IRAs before these comments. Dkt. Nos. 1-2, 1-3, 1-4, 1-5.)[2]

*FINRA BrokerCheck Report*: Plaintiffs do not oppose Defendants' request regarding the FINRA broker report for a former Edward Jones financial advisor. (Ex. 45.) *See* MTD at 6 n.4.

In short, all of the judicially noticeable materials may be considered for proper purposes, including to identify the actual statements made, that they were made publicly, and when they were made. And those judicially noticeable facts are relevant to contradict Plaintiffs' conclusory allegations of supposed fraud. The Court should be able to consider the undisputed facts within these documents.

Finally, no authority supports Plaintiffs' contention that Defendants are required to "mak[e] a thorough, painstaking, line-by-line analysis of each Exhibit to determine how much, if any, of the document should be noticed." Opp. at 6. In finding that a document *in full* could be judicially noticed, the panel in *Khoja* merely cautioned that "judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." 899 F.3d at 999. Defendants are not suggesting otherwise.

### III. CONCLUSION

Defendants' Exhibits should be considered in connection with the Motion to Dismiss.

Dated: March 8, 2019                    By: /s/ Meryl L. Young
                                        MERYL L. YOUNG
                                        GIBSON, DUNN & CRUTCHER LLP

---

[2] Contrary to Plaintiffs' suggestion (Opp. at 5), there is no authority "limit[ing]" judicial notice of news articles or press releases "only . . . for purposes of showing reliance and/or an efficient capital market." *Cf, e.g.*, *Forestal v. Caldwell*, 2016 WL 9774914, at *5 (C.D. Cal. Nov. 14, 2016) (taking judicial notice of press release to establish date of director's appointment); *Twinde v. Threshold Pharms., Inc.*, 2009 WL 928132, at *5, *11 (N.D. Cal. Apr. 3, 2009) (taking judicial notice of press releases that contradicted alleged change in position).

# PROOF OF SERVICE

I, Sandra M. Pineda, declare as follows:

I am employed in the County of Orange, State of California, I am over the age of eighteen years and am not a party to this action; my business address is 3161 Michelson Drive, Irvine, California 92612, in said County and State. On March 8, 2019, I served the following document(s):

**REPLY IN SUPPORT OF DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE**

on the parties stated below, by the following means of service:

Ivy T. Ngo
FRANKLIN D. AZAR & ASSOCIATES, P.C.
14426 East Evans Avenue
Aurora, CO 80014
Telephone: (303) 757-3300
Facsimile: (303) 759-5203
ngoi@fdazar.com

John Garner
GARNER LAW OFFICE
109 North Marshall Avenue
P.O. Box 908
Willows, CA 95988
Telephone: (530) 934-3324
Facsimile: (530) 934-2334
jrg@erglaw.net

*Counsel for Plaintiffs*

☑ **BY ELECTRONIC TRANSFER TO THE CM/ECF SYSTEM**: On this date, I electronically uploaded a true and correct copy in Adobe "pdf" format the above-listed document(s) to the United States District Court's Case Management and Electronic Case Filing (CM/ECF) system. After the electronic filing of a document, service is deemed complete upon receipt of the Notice of Electronic Filing ("NEF") by the registered CM/ECF users.

☑ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 8, 2019.

_____
Sandra M. Pineda