UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE EDWARD D. JONES & CO., L.P. SECURITIES LITIGATION | No.  2:18-cv-00714-JAM-AC<br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |

Before the Court is Edward D. Jones & Co., L.P., the Jones Financial Companies, L.L.L.P., EDJ Holding Company, Inc., James D. Weddle, and Vincent J. Ferrari's (collectively "Defendants") renewed motion to dismiss.  Mot., ECF No. 72.[1]  Specifically, Defendants seek to dismiss the remaining two counts in the second amended complaint for violation of Missouri and California's fiduciary duty laws.  See Sec. Am. Compl. ("SAC") at 6-18, ECF No. 47.  Plaintiffs opposed the motion.  Opp'n, ECF No. 75. Defendants replied.  Reply, ECF No. 76.  For the reasons set forth below, the Court grants Defendants' motion.

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for April 5, 2022.

1

I.   BACKGROUND

The parties are intimately familiar with the factual background of this case — it is set forth extensively in the second amended complaint, the parties' briefings, the Court's prior orders, and the Ninth Circuit's March 4, 2021 Opinion. See e.g., USCA Opinion at 4-9, ECF No. 65. The Court therefore does not restate the factual allegations here.

The pertinent procedural background is as follows: on November 8, 2019, the Court granted Defendants' second motion to dismiss this action with prejudice. See generally Order Granting Second Mot. to Dismiss ("Second Order"), ECF No. 60. As relevant here, the Court dismissed Counts I and II – which respectively allege breach of fiduciary duty claims under Missouri and California law - pursuant to the jurisdictional bar in the Securities Litigation Uniform Standards Act ("SLUSA"). Id. at 4-5. The Ninth Circuit reversed that dismissal. USCA Opinion at 30. The Ninth Circuit reasoned that SLUSA did not apply because Plaintiff's breach of fiduciary duty claims did not allege conduct "material to" and thus "in connection with" the purchase or sale of any covered securities. Id. Defendants now renew their motion to dismiss these claims. See generally Mot.

II.   OPINION

A.   Request for Judicial Notice

Defendants request the Court take judicial notice of three exhibits, namely appellate briefing in this action. Mot. at 2 n.2; see also Exs. A-C to Mircheff Decl., ECF Nos. 72-2, 72-3, 72-4. All three exhibits are matters of

2

1  public record and therefore proper subjects of judicial
2  notice.  See Lee v. City of Los Angeles, 250 F.3d 668, 689
3  (9th Cir. 2001); see also Sansone v. Charter Commc'ns, Inc.,
4  Case No. 3:17-cv-01880-WQH-JLB, 2021 WL 5827107, at *3 n.1
5  (S.D. Cal. July 26, 2021) (taking judicial notice of several
6  briefs filed before the Ninth Circuit following appeal and
7  noting that "matters of public record include court
8  filings").  Accordingly, the Court grants Defendants'
9  request for judicial notice.  However, the Court takes
10 judicial notice only of the existence of these documents and
11 declines to take judicial notice of their substance,
12 including any disputed facts within them.  See Lee, 250 F.3d
13 at 690.

14     B.   Legal Standard
15     A Rule 12(b)(6) motion challenges the complaint as not
16 alleging sufficient facts to state a claim for relief.  Fed. R.
17 Civ. P. 12(b)(6).  "To survive a motion to dismiss [under
18 12(b)(6)], a complaint must contain sufficient factual matter,
19 accepted as true, to state a claim for relief that is plausible
20 on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)
21 (internal quotation marks and citation omitted).  While
22 "detailed factual allegations" are unnecessary, the complaint
23 must allege more than "[t]hreadbare recitals of the elements of
24 a cause of action, supported by mere conclusory statements."
25 Id.  In considering a motion to dismiss for failure to state a
26 claim, the court generally accepts as true the allegations in
27 the complaint and construes the pleading in the light most
28 favorable to the plaintiff.  Lazy Y Ranch Ltd. v. Behrens, 546

F.3d 580, 588 (9th Cir. 2008). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

Fraud-based claims are subject to the heightened pleading standard of Rule 9(b). Fed. R. Civ. P. 9(b). Rule 9(b) requires a party to "state with particularity the circumstances constituting fraud or mistake." Id. When a party averring fraud fails to meet the heightened pleading standard of Rule 9(b), dismissal of the claim is proper. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003).

C.  Analysis

Defendants move to dismiss Plaintiffs' remaining two breach of fiduciary duty claims. See generally Mot. First, Defendants argue that because these claims sound in fraud, Rule 9(b)'s heightened pleading standard applies, and Plaintiffs fail to satisfy that heightened standard. Id. at 8-9. Next, Defendants contend Plaintiffs fail to plausibly allege any breach, id. at 9-12, proximate causation of any damages, id. at 12-14, and reliance, id. at 14-15.

In opposition, however, Plaintiffs clarify that they are not proceeding on these claims with a fraud-based theory: "Plaintiffs' fiduciary duty claims are based on a failure to act, not fraud." Opp'n at 2 (emphasis added). Further, Plaintiffs point to the Ninth Circuit's recognition of such a basis for their fiduciary duty claims: "Once Edward Jones

4

1  allegedly failed to conduct a suitability analysis, and made a
2  recommendation without that analysis, causing Plaintiffs to
3  switch accounts, the breach of fiduciary duty would be
4  complete." Id. (quoting Anderson v. Edward D. Jones & Co.,
5  L.P., 990 F.3d 692, 707 (9th Cir. 2021), cert denied, 142 S.Ct.
6  745 (2022)).
7  　　Defendants highlight numerous issues with Plaintiffs' new
8  theory of fiduciary liability based on a failure to act, see
9  Reply at 2-5, not all of which the Court needs to reach to find
10 that dismissal is warranted. Defendants' leading argument -
11 that Plaintiffs' claims must be dismissed because Plaintiff's
12 new theory was not pled in the operative complaint - has merit.
13 Id. at 2.
14 　　The theory Plaintiffs now advance is that Defendants would
15 have determined that fee-based accounts should not be offered as
16 an option to Plaintiffs had they done a suitability analysis
17 before speaking with Plaintiffs about transferring from a
18 commission-based account to a fee-based account. Opp'n at 3, 5.
19 Thus, Plaintiffs contend that a breach occurred at the first
20 mention of the fee-based account option since Defendants would
21 have concluded fee-based accounts "were not suitable for
22 Plaintiffs as buy-and-hold investors" had they conducted a
23 suitability analysis prior to discussing it with Plaintiffs.
24 Id. Yet, this theory is not clearly set forth in the operative
25 complaint. See generally SAC. Plaintiffs' failure to plead
26 this theory ends the analysis as a complaint cannot be amended
27 through an opposition to a motion to dismiss. See Schneider v.
28 Cal. Dep't of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

Because Plaintiffs' opposition proceeds on a theory not pled in the operative complaint, the Court grants Defendants' motion.

    D.    <u>Leave to Amend</u>

Courts dismissing claims under Federal Rule of Civil Procedure 12(b)(6) have discretion to permit amendment, and there is a strong presumption in favor of leave to amend. <u>Eminence Cap., LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1051-52 (9th Cir. 2003). "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." <u>Id.</u> at 1052 (internal citation omitted).

Here, Plaintiffs request leave to amend. Opp'n at 14. The Court grants that request, however, the leave granted is limited to pleading the failure to act theory of breach set forth in their opposition. Plaintiffs may not add new claims or any additional theories of breach without prior authorization from the Court.

### III.    ORDER

For the reasons set forth above, the Court GRANTS Defendants' motion to dismiss. If Plaintiffs elect to amend their complaint, they shall file a Third Amended Complaint within twenty days (20) of this order. Defendants' responsive pleadings are due twenty days (20) thereafter.

IT IS SO ORDERED.

Dated: May 6, 2022

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE