1

2

3

4

5

6

7

8

9                        UNITED STATES DISTRICT COURT

10                      EASTERN DISTRICT OF CALIFORNIA

11

12   EDWARD ANDERSON, RAYMOND KEITH      No.  2:18-cv-00714-JAM-AC
     CORUM, JESSE AND COLLEEN
13   WORTHINGTON, and JANET GORAL,
     individually and on behalf of
14   all others similarly situated,     **ORDER DENYING DEFENDANT'S**
                                        **MOTION TO DISMISS**
15                  Plaintiffs,

16        v.

17   EDWARD D. JONES & CO., L.P.
     SECURITIES LITIGATION,
18
                    Defendant.
19

20        The matter before the Court is Edward D. Jones & Co., L.P.'s

21   ("Defendant") motion to dismiss the third amended complaint

22   ("TAC") filed by Edward Anderson, Raymond Keith Corum, Colleen

23   and Jesse Worthington, and Janet Goral ("Plaintiffs").  See Mot.

24   to Dismiss ("Mot."), ECF No. 83.  Plaintiffs opposed the motion.

25   See Opp'n, ECF No. 87.  Defendant replied.  See Reply, ECF

26   No. 89.

27   ///

28   ///

                                   1

1    For the reasons set forth below, this Court DENIES
2  Defendant's motion to dismiss.[1]

3

4        I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND
5        Defendant is a Missouri Limited Partnership headquartered in
6  St. Louis, Missouri that is dually registered as a broker-dealer
7  and investment adviser under federal and state securities laws.
8  TAC ¶ 37.  Defendant provides these brokerage and investment
9  services to individuals and small businesses.  Id.  Historically,
10 Defendant has operated under a commission-based investment model,
11 providing its clients with free financial advice and charging
12 them fees upon a completed trade; clients also pay a small annual
13 custodial fee.  Id. ¶¶ 57-59.  Plaintiffs allege that Defendant's
14 commission-based model particularly benefitted middle-income
15 investors in small communities who conducted little to no trading
16 of their assets.  Id. ¶ 59.  In 2008 and 2016, Defendant expanded
17 its investment options to include two fee-based programs,
18 Advisory Solutions and then Guided Solutions.  Id.  ¶¶ 63, 75.
19 Instead of charging clients on a per trade basis like the
20 commission-based investment model, these fee-based programs
21 charged a one to two percent annual fee of a client's assets
22 under the account's management, along with a small administrative
23 fee.  Id. ¶ 63.  Plaintiffs allege that between 2013 and 2018,
24 they moved their commission-based accounts with Defendant to fee-
25 based accounts after Defendant's financial advisors recommended

26

27 [1] This motion was determined to be suitable for decision without
   oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled
28 for September 13, 2022.

the fee-based programs to them.  Id. ¶¶ 21-36.  Plaintiffs allege that these recommendations were made as a part of Defendant's systematic transition of its business model from commission-based to fee-based investment programs; Defendant issued directives to its financial advisors to recommend its fee-based programs to all clients, regardless of their trading activity.  Id. ¶¶ 64-65. Plaintiffs allege that Defendant did not properly supervise its financial advisors to confirm they were conducting suitability analyses to see if the fee-based programs were appropriate for their clients' accounts before making these recommendations to clients.  Id. ¶ 78.  Plaintiffs allege that their financial advisors did not conduct an account-type suitability analysis before making their recommendation to switch to a fee-based program, resulting in Plaintiffs paying higher fees than they would have had they remained in their commission-based accounts. Id.  Plaintiffs further allege that Defendant's pivot to fee-based programs has resulted in substantial profit increases for Defendant at Plaintiffs' expense.  Id. ¶ 82.

Plaintiffs previously filed two amended complaints against Defendant, alleging violations of federal securities laws and state fiduciary duties; both were dismissed by the Court.  See First Amend. Compl. ("FAC"), ECF No. 24; Second Amend. Compl. ("SAC"), ECF No. 47; July 8, 2019 Order ("First Order"), ECF No. 46; November 8, 2019 Order ("Second Order"), ECF No. 60.  The Ninth Circuit reversed the dismissal of the SAC's breach of fiduciary duty claims under California and Missouri law.  See Anderson v. Edward D. Jones & Co., L.P., 990 F.3d 692 (9th Cir. 2021), cert denied, 142 S.Ct. 745 (2022).  This Court

1  subsequently granted Defendant's renewed motion to dismiss with

2  leave to amend with instructions, consistent with the Ninth

3  Circuit's ruling, that Plaintiffs limit their pleading in the TAC

4  to the failure to act theory of fiduciary breach laid out in

5  their opposition brief.  May 6, 2022 Order ("Third Order") at 4-

6  6, ECF No. 81.

7       On May 31, 2022, Plaintiffs filed the operative TAC,

8  bringing a single cause of action under California and Missouri

9  law for breach of fiduciary duty by Defendant.  TAC ¶¶ 112-16.

10  Defendant moves to dismiss the TAC under FRCP 15(a)(2) for

11  exceeding the scope of leave granted and FRCP 12(b)(6) for

12  failure to state a claim upon which relief can be granted.  Mot.

13  at 6-8.  Plaintiffs oppose the motion.  See Opp'n.  Defendant

14  replied.  See Reply.

15

16                   II.   OPINION

17       A.   Legal Standard

18       Under FRCP 15(a)(2), a party "may amend its pleading only

19  with the opposing party's written consent or the court's leave.

20  The court should freely give leave when justice so requires."

21  Fed. R. Civ. P. 15(a)(2).

22       In considering a motion to dismiss for failure to state a

23  claim upon which relief can be granted under FRCP 12(b)(6), the

24  Court must accept the allegations in the complaint as true and

25  draw all reasonable inferences in favor of the Plaintiff.  Moss

26  v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009) (citing

27  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  The complaint

28  must possess more than "a formulaic recitation of the elements

                              4

of a cause of action;" it must contain non-conclusory, factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007).

   B.   Analysis

      1.   Violation of the Court's Third Order

   Defendant argues that Plaintiffs have violated the limiting instruction the Court imposed on Plaintiffs regarding their pleading in the TAC.  Mot. at 6-7.  Defendant argues that the Court stated in its Third Order that Plaintiffs had to limit their theory of liability in the TAC to one theory: that Defendant's failure to have its financial advisors conduct sustainability analyses-the fiduciary breach at issue-occurred at the first mention of Defendant's fee-based programs to Plaintiffs.  Id.  Instead, Plaintiffs are claiming that the failure to conduct a sustainability analysis occurred later, when the financial advisors *recommended* the fee-based programs to Plaintiffs.  Id. at 7.  Defendant contends that this temporal difference violates the limited leave granted to Plaintiffs to amend their pleading and constitutes a violation of FRCP 15(a)(2), warranting dismissal of the TAC.  Id.

   Plaintiffs argue that the TAC complies with the limiting instructions in the Court's Third Order and is consistent with both Plaintiff's argument in its prior opposing motion and the Ninth Circuit's holding in Anderson.  Opp'n at 4.  The Court agrees.

   The Court finds that Plaintiffs have not violated FRCP 15(a)(2).  The Court's language in the limiting instruction

5

in its Third Order was in reference to the Ninth's Circuit's holding in Anderson and the Court defers to the Ninth Circuit's interpretation of Plaintiff's theory of fiduciary liability.  See Anderson, 990 F.3d at 707 ("Once Edward Jones allegedly failed to conduct a suitability analysis, and made a *recommendation* without that analysis, causing Plaintiffs to switch accounts, the breach of fiduciary duty would be complete.") (emphasis added).

### 2.   Failure to State a Claim

Defendant argues that Plaintiffs have failed to state a claim under FRCP 12(b)(6) for breach of fiduciary duty.  Mot. at 8.  Under California and Missouri state law, the elements of breach of fiduciary duty are (1) the existence of a fiduciary relationship, (2) a breach, and (3) damage proximately caused by the breach.  Brown v. California Pension Administrators & Consultants, Inc., 45 Cal. App. 4th 333, 347-48 (1996); Zakibe v. Ahrens & McCarron, Inc., 28 S.W.3d 373, 381 (Mo. Ct. App. 2000).

The Court finds that Plaintiffs have alleged sufficient facts to support their state law claim of breach of fiduciary duty under a failure to act theory.  In considering Defendant's motion, the Court must accept the allegations in the TAC as true and draw all reasonable inferences in favor of Plaintiffs.  Iqbal, 556 U.S. at 678.

As to the first element, the existence of a fiduciary duty, Defendant claims that there is no applicable fiduciary duty under state law or the financial regulatory rules.  Id. at 8-12.  However, Plaintiffs have properly alleged in their TAC that Defendant, in its capacity as a broker-dealer of Plaintiff's investment assets, was a fiduciary with respect to

1  recommendations about investments and which accounts Plaintiffs

2  should utilize.   TAC ¶ 113. Defendant does not contest this

3  assertion, which is also consistent with California and Missouri

4  case law on the existence of a fiduciary relationship between

5  stockbrokers and investors.   See Walsh v. Hooker and Fay, 28

6  Cal.Rptr. 16, 18 (Cal.App. 1963), State ex rel. PaineWebber, Inc.

7  v. Voorhees, 891 S.W.2d 126, 130 (Mo.,1995).

8       Defendant then argues that Plaintiffs have failed to allege

9  facts sufficient to support the second element of breach of a

10  fiduciary duty.   Mot. at 12-14.   However, in light of the Ninth

11  Circuit's holding in Anderson, the Court finds this argument

12  unpersuasive.   The Ninth Circuit in Anderson held that there

13  would be a breach of fiduciary duty if Defendant "failed to

14  conduct a suitability analysis, and made a recommendation without

15  that analysis, causing Plaintiffs to switch accounts." Anderson,

16  990 F.3d at 707.   This holding is consistent with Plaintiffs'

17  argument that Defendant's failure to conduct suitability analyses

18  before making its recommendations of its fee-based programs could

19  not be delegated or disclosed away.   Opp'n at 9, 11-12.

20  Therefore, Plaintiff's allegation of breach is adequately plead.

21       As to the element of proximate damages, Plaintiffs have

22  plausibly pled their damages-in the form of improper and

23  excessive account fees-were proximately caused by Defendant's

24  breach of fiduciary duty.   Id. at 13-14.   This is sufficient to

25  allege Defendant's conduct proximately caused Plaintiffs to

26  suffer damages for which Plaintiffs may be entitled to

27  restitution.   See Depot, Inc. v. Caring for Montanans, Inc., 915

28  F.3d 643, 663-64, n.15 (9th Cir. 2019).

1     Accordingly, finding that Plaintiffs have sufficiently pled

2 all elements for a breach of fiduciary claim, the Court denies

3 Defendant's motion to dismiss under Rule 12(b)(6).

4

5                        III.   ORDER

6     For the reasons set forth above, the Court DENIES

7 Defendant's motion to dismiss. Defendant shall file its answer to

8 the TAC within twenty days of this Order.

9     IT IS SO ORDERED.

10 Dated: October 25, 2022

11

12                                    _____

13                                    JOHN A. MENDEZ
                                      SENIOR UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28