UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ANDERSON, RAYMOND KEITHCORUM, and JESSE AND COLLEEN WORTHINGTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EDWARD D. JONES & CO., L.P.,<br><br>Defendant. | No. 2:18-cv-00714 DJC AC<br><br><br><br>ORDER |

Defendant has moved to quash a Fed. R. Civ. P. 45 third-party subpoena, ECF No. 117, and the motion is before the undersigned pursuant to E.D. Cal. R. 302(c)(1). Plaintiffs oppose the motion, ECF No. 123, and defendant has filed a reply, ECF No. 124. The matter was heard on a shortened schedule on June 21, 2023. For the reasons stated below, the court GRANTS defendant's motion.

**I.   Relevant Background**

This is a class action lawsuit in which plaintiffs Edward Anderson, Raymond Keith Corum, and Colleen and Jesse Worthington allege that Edward D. Jones & Co., L.P. ("EDJ"), a registered broker-dealer and a fiduciary under California law, breached its fiduciary duty by failing to conduct an appropriate account-type suitability analysis before recommending that

1

plaintiffs transfer from commission-based accounts, through which EDJ is compensated based on commissions per trade, to more expensive fee-based accounts, through which EDJ is compensated based on a percentage of the value of assets under management. ECF No. 82 (Third Amended Complaint). The TAC alleges that Financial Advisor Lisa Rodriguez recommended the transfers to fee-based accounts. ECF No. 82 at 7-8.[1] Plaintiffs had previously been clients of Dalas Gundersen when he was a financial advisor at EDJ, and they are currently clients of Mr. Gundersen at another firm. ECF No. 123 at 2. Neither Ms. Rodriguez nor Mr. Gundersen are parties to this lawsuit.

Mr. Gundersen was the plaintiff in Gundersen v. Betenbaugh, et al., No. 15-cv-01484 (Superior Court of California, Glenn County) (the "Gundersen Litigation"). Id. In that lawsuit, which followed Gundersen's departure from EDJ, he sued EDJ, Rodriguez, and Paul Betenbaugh (another EDJ employee) for defamation, internet impersonation, and related tortious causes of action. The lawsuit did not involve the management of client accounts at EDJ. After EDJ obtained summary judgment on some claims, a jury found Rodriguez and Betenbaugh liable for defamation and internet impersonation, respectively, and awarded millions of dollars in compensatory damages and millions more in punitive damages. The jury also found EDJ vicariously liable for Rodriguez's conduct. ECF No. 123-1 at 4-8. Cross-appeals followed, and the case eventually settled.

The third-party subpoena at issue here was served on non-party Gundersen, seeking "All settlement agreements between Dalas Gundersen and any party in Gundersen v. Betenbaugh, et al., No. 15CV01484 (Superior Court of California, Glenn County)." ECF No. 117-1 at 9. Defendant moves to quash the subpoena.

**II.   Motion**

Defendant moves to quash the Gundersen subpoena on grounds that (1) the settlement is confidential, and (2) the settlement is irrelevant to plaintiffs' sole claim for breach of fiduciary duty and to class certification issues. ECF No. 117; ECF No. 122 at 9-11. Alternatively,

---

[1] Plaintiff's counsel indicated at the hearing that Ms. Rodriguez was not in fact the FA who recommended all of plaintiffs' transfers.

2

defendant argues, the court should issue a protective order restricting disclosure of the settlement agreement. Id. at 12.

### III.     Analysis

#### A. Legal Standard

Federal Rule of Civil Procedure 45 allows a party to a lawsuit to serve a subpoena that commands a non-party to "produce documents, electronically stored information, or tangible things ..." Fed. R. Civ. P. 45(a)(1)(C). A court must modify or quash such a subpoena that fails to allow a reasonable time to comply, requires a person to travel more than 100 miles (except for trial within the state), requires disclosure of privileged or other protected materials, or subjects a person to undue burden. See Fed. R. Civ. P. 45(d)(3)(A) (i-iv). Rule 45 further provides that a court may modify or quash a subpoena when the subpoena requires the disclosure of a "trade secret or other confidential research, development, or commercial information." See Fed. R. Civ. P. 45(d)(3)(B).

The Federal Rules limit the scope of subpoenas by the relevance standards set forth in Federal Rule of Civil Procedure 26(b)(1) ("[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense"), and the considerations of burden and expense set forth in Federal Rules of Civil Procedure 26(b)(2) and 45(c)(1). "In evaluating whether a subpoena is unduly burdensome, the court balances the burden imposed on the party subject to the subpoena by the discovery request, the relevance of the information sought to the claims or defenses at issue, the breadth of the discovery request, and the litigant's need for the information." Wahoo Int'l, Inc. v. Phix Doctor, Inc., No. 13CV1395-GPC BLM, 2014 WL 3573400, at *2 (S.D. Cal. July 18, 2014) (internal citations omitted). "Although irrelevance is not among the litany of enumerated reasons for quashing a subpoena found in Rule 45, courts have incorporated relevance as a factor when determining motions to quash a subpoena." Moon v. SCP Pool Corp., 232 F.R.D. 633, 637 (C.D. Cal. 2005).

#### B. Discussion

It is undisputed that defendant EDJ has standing to bring this motion to quash, as a party to the settlement agreement at issue and a beneficiary of its continued confidentiality. See

Church v. Dana Kepner Co., 2013 WL 24437 at *1, 2013 U.S. Dist. LEXIS 341 at *4 (D. Colo. Jan. 2, 2013) (finding standing where party seeking to quash had entered into confidential settlement agreements with parties subpoenaed).  The confidentiality of settlement agreements serves an important public interest in the settlement of disputed claims as well as the strong private interests of the parties to the settlement.  See Poe v. Nw. Mut. Life Ins. Co., 2022 WL 2037959 at *2, 2022 U.S. Dist. LEXIS 103908 at 5 (C.D. Cal. Apr. 29, 2022); Peters v. Equifax Info. Servs. LLC, 2013 WL 12169355 at *2, 2013 U.S. Dist. LEXIS 199654 at *6 (C.D. Cal. 2013); Thomasian v. Wells Fargo Bank, N.A., 2013 WL 4498667 at *2, 2013 U.S. Dist. LEXIS 119554 (D. Or. Aug. 22, 2013).  Some courts have therefore imposed a particularized or heightened showing requirement to obtain settlement information.  See Centillion Data Sys., Inc. v. Ameritech Corp., 193 F.R.D. 550, 552-53 (S.D. Ind. 1999); Zucchella v. Olympusat, Inc., 2020 U.S. Dist. LEXIS 210859, 2020 WL 8483772, at *8 (C.D. Cal. Nov. 2, 2020) ("[T]he courts in the Central District of California have generally employed an elevated standard in the settlement context, by placing the burden on the requesting party . . . to make a particularized or heightened showing that the settlement information is relevant and likely to lead to admissible evidence.").

This court need not decide whether a heightened showing is required, because plaintiff has not articulated a theory of relevance that applies to the settlement agreement under any standard. Plaintiffs' theory of relevance is this: "The relationship between Mr. Gundersen and EDJ and the Gundersen Litigation is relevant because EDJ has made Plaintiffs' relationship to Mr. Gundersen relevant."  ECF No. 123 at 2.  Plaintiffs go on to note that defense counsel questioned them in deposition about their exposure to local media coverage of the Gundersen Litigation, and have propounded discovery on Gundersen and his employers seeking information about his communications with plaintiffs.  Id.  The fact that defendant has conducted discovery into plaintiff's relationship with Gundersen does not establish the relevance of a settlement agreement between Gundersen and EDJ in an entirely unrelated matter.

Discovery in this case has been bifurcated, and presently proceeds only on matters relevant to class certification.  ECF No. 101.  Plaintiffs explain the relevance of the settlement agreement to class certification in full as follows:

4

> As stated above, EDJ first raised the issue of the Gundersen Litigation. EDJ's argument that the settlement agreement in the Gundersen Litigation is irrelevant is unpersuasive because EDJ has specifically made the Gundersen Litigation relevant through its own actions, namely its extensive questioning regarding the Gundersen Litigation during Plaintiff depositions, its subpoena to Mr. Gundersen and his former employers, and its stated intent to use evidence regarding Mr. Gundersen and his relationship with the Plaintiffs in its defense to Plaintiffs' motion for class certification. EDJ submits that the relationship between Plaintiffs, and Mr. Gundersen, is relevant to Plaintiffs' typicality and adequacy. Therefore, Plaintiffs are entitled to evidence that may shed light on the complete relationship between these parties. Moreover, to the extent that EDJ is relying on the credibility of Lisa Rodriquez, the settlement agreement is relevant because Ms. Rodriguez was a party to the Gundersen Litigation and a beneficiary of the settlement agreement.

ECF No. 123 at 3-4.

Nothing in this argument explains how any terms of the settlement agreement would have probative value on the issues of typicality and adequacy, or any other matter at issue on the upcoming class certification motion.  The settlement agreement resolved a lawsuit about Ms. Rodriguez's defamation of Mr. Gundersen, but the court cannot imagine—and plaintiffs' counsel was unable at the hearing to explain—how its terms could shed light on anything material to the Rule 23 determination in this breach of fiduciary duty case against EDJ.  Both Gundersen and Rodriguez served as plaintiffs' Financial Advisors at various times, so it is obvious that both might have information relevant to this case about the plaintiffs' financial situations and profiles as investors.  However the apparent relevance of Gundersen's communications with plaintiffs, and defendant's related discovery efforts, do not make the resolution of his defamation lawsuit relevant.  Neither do the questions put to plaintiffs at deposition, which inquire into the effect (if any) of *publicity* about the Gundersen Litigation on their decisions whether to stay with and later to sue EDJ, indicate any relevance to the terms of the settlement.

The general desire to impeach the credibility of Ms. Rodriguez also does not support discovery of the agreement.  The public record of the Gundersen Litigation appears to be quite full of ammunition with which to attack Ms. Rodriguez's character or inquire into her biases, to the extent doing so is permissible under the rules of evidence.  Plaintiffs have not been able to articulate how anything in the settlement agreement could reveal non-redundant information.

In sum, plaintiff has not established the relevance of the settlement agreement. Gundersen's relationships with the plaintiffs are independent of his settlement with EDJ in the lawsuit against Ms. Rodriguez, so defendant's inquiries into the former does not make the latter relevant. Because the agreement is not relevant, plaintiffs' need for the information is low and cannot outweigh defendant's interest in maintaining the confidentiality which it negotiated.

## IV.   Conclusion

For the reasons stated above, plaintiff's motion to quash (ECF No. 117) is GRANTED.

IT IS SO ORDERED.

DATED: June 22, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE