UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ANDERSON, RAYMOND KEITH CORUM, and JESSE AND COLLEEN WORTHINGTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EDWARD D. JONES & CO., L.P.,<br><br>Defendant. | No. 2:18-cv-00714 DJC AC<br><br><br><br>ORDER |

This matter is before the court defendant's motion to strike plaintiffs' late-filed initial disclosures. ECF No. 130. This motion was heard on shortened time considering the upcoming deadline for the parties to disclose expert witnesses. ECF Nos. 131, 132, 135. The matter was heard on July 19, 2023. ECF Nos. 130, 132. For the reasons stated below, the motion is GRANTED in part and DENIED in part.

**I.    Relevant Background**

This case was filed on March 30, 2018. ECF No. 1. Plaintiffs are pursuing a putative class-action lawsuit limited to a single claim for alleged breach of fiduciary duty by defendant Edward D. Jones & Co., L.P. ("EDJ") financial advisors ("FAs") with respect to the individual clients with whom they worked. According to operative Third Amended Complaint ("TAC"),

1

EDJ breached a purported fiduciary duty each time a FA allegedly recommended a fee-based advisory account to a "buy and hold" investor who was in a commission-based account without first conducting a suitability analysis as to account type during client-specific, one-on-one meetings. TAC ¶¶ 5, 7, 23, 27, 31, 35. On January 11, 2023, the court issued an order bifurcating discovery, limiting the first phase of discovery to "facts that are relevant to whether this action should be certified as a class action" which was ordered to be "completed by June 23, 2023." ECF No. 101. The Scheduling Order defined "completed" to mean that "all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed." Id. at 2.

The parties served initial disclosures on January 20, 2023, and plaintiffs' initial disclosures specified only the named plaintiffs and their FAs Lisa Rodriguez and Bernie Franko as "individuals . . . likely to have discoverable information that Plaintiffs may use to support their claims in this matter." Mircheff Decl. Ex. A (Plaintiffs' Initial Disclosures). Discovery proceeded and both sides propounded, and responded to, requests for production and interrogatories, and the parties engaged in various meet and confer efforts. ECF No. 130 at 8. In March of 2023 plaintiffs alerted EDJ that they would be dismissing named plaintiff Janet Goral (identified in their initial disclosures) from the suit, and Ms. Goral was dismissed from the suit on March 28, 2023. ECF No. 113. Since then, all the individuals listed in plaintiffs' initial disclosures (except for Ms. Goral and her former FA Bernie Franko) have been deposed. ECF No. 130 at 8.

On the final day of class certification fact discovery (June 23, 2023), the deadline for all fact discovery on issues related to class certification to be "completed," plaintiffs served via email at 3:31 p.m. PST "Supplemental Initial Disclosures" identifying seven new witnesses who plaintiffs now claim "are likely to have discoverable information Plaintiffs may use to support their claims." Mircheff Decl. Ex. B (Plaintiffs' Supplemental Initial Disclosures). The newly disclosed individuals include:

- Remo Ricci – a former client of EDJ

    • Jarold Stokes – a former EDJ FA, located in Oroville, CA

    • Bradley Malone – a former EDJ FA, located in Paradise, CA

    • Dalas Gundersen – a former EDJ FA, located in Willows, CA

    • Zach Paul – a former EDJ FA, located in Sonoma, CA

    • Heather Allman – a former EDJ FA, located in Defiance, OH

    • Gary McCoy – a former EDJ FA, located in Plano, TX

Id.

Defendant asked plaintiffs to withdraw their supplemental disclosure, arguing that in the more than five years this case has been pending, neither plaintiffs nor their counsel have ever mentioned three of the purported witnesses (Bradley Malone, Gary McCoy, or Zach Paul) and mentioned the remainder only in passing but without any indication that they intended to rely in their testimony.  ECF No. 130 at 9-10.  Plaintiffs declined to withdraw the Supplemental Disclosures and informed defendant that four of the witnesses were previously disclosed in discovery and the remaining three were to rebut EDJ's deposition testimony.  ECF No. 113  Defendant now moves to strike the supplemental initial disclosures.  ECF No. 130

## II.     Motion to Strike

Federal Rule of Civil Procedure 26(a)(1)(A)(i) provides that "a party must, without awaiting a discovery request, provide to the other parties ... the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i).  Rule 26(e) addresses supplements, stating that "[a] party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing[.]"

////

Federal Rule of Civil Procedure 37 "gives teeth" to Rule 26's disclosure requirements, and is a "self-executing," "automatic" sanction. Goodman v. Staples the Office Superstore, LLC, 644 F.3d 817, 827 (9th Cir. 2011). If a party fails to provide information in compliance with Rule 26(a), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). "The only exceptions to Rule 37(c)(1)'s exclusion sanction apply if the failure to disclose is substantially justified or harmless." Goodman, 644 F.3d at 827. The party facing sanctions for belated disclosure has the burden to show that its failure to comply with Rule 26 was justified or harmless. Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1107 (9th Cir.2001). The court must consider four factors in determining whether an alleged violation was justified or harmless: "'(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure that prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." Lanard Toys, Ltd. v. Novelty, Inc., 375 F. App'x 705, 713 (9th Cir. 2010).

Here, plaintiffs argue that (1) they did not violate initial disclosure obligations because the rule on supplementing initial disclosures only requires a supplement where the information "has not otherwise been made known," and (2) the late supplement is substantially justified or harmless because the witnesses identified in supplemental disclosure were each already known to defendant. ECF no. 133 at 23-34. The late-disclosed witnesses fall into two categories: (1) those whom plaintiffs contend were already known to defendant, and (2) those whom plaintiff contend are named in response to recently discovered information.

### III.   Analysis

1. Gunderson, Ricci, Stokes & Allman

According to plaintiffs, four of the late-disclosed witnesses were "otherwise known" to defendant and did not require supplemental disclosure under Rule 26(e): Mr. Gunderson was identified by EDJ in its disclosures and was the subject of EDJ's detailed questions to plaintiffs, Mr. Ricci was a former EDJ customer and identified by EDJ in Plaintiffs' depositions, and Mr. Stokes and Ms. Allman were identified by Plaintiffs in responses to EDJ's interrogatories. ECF

No. 133. Defendants argue that though these names appeared in discovery, there was no indication that plaintiffs intended to rely on any of these individuals as witnesses until the eleventh-hour supplemental disclosure. ECF No. 133 at 18. Defendant argues that "there is a substantial difference between a name appearing in discovery and the required disclosure of a witness a party intends to rely on." ECF No. 133 at 18, citing Ollier v. Sweetwater Union High School Dist., 768 F.3d 843, 863 (9th Cir. 2014) ("That another witness has made a passing reference in a deposition to a person with knowledge or responsibilities who could conceivably be a witness does not satisfy a party's disclosure obligations. An adverse party should not have to guess which undisclosed witnesses may be called to testify.")

The court has reviewed the circumstances of this case and the applicable caselaw, and agrees with defendant. It is undisputed that defendant was aware of the existence and/or probable relevance of some or all of these individuals, particularly Mr. Gunderson. Still, the court agrees with the interpretation of Ollier, supra, articulated in a recent district court case: "The fact that a witness has been identified at some point during the course of discovery does not obviate the parties' affirmative obligations to identify the witnesses on whom they expect to rely." Palmer v. Cognizant Tech. Sols. Corp., No. CV 17-6848-DMG (PLAx), 2023 WL 4155400, at *2 (C.D. Cal. May 16, 2023). In light of the age of this case and the progression of discovery, which is now moving into the expert phase, the undersigned finds the eleventh-hour disclosure of these individuals unjustified and prejudicial and disruptive as to the class certification stage of bifurcated discovery. The court agrees that attempting to cure the prejudice by noticing third party depositions would place an undue burden on defendant, as discovery is continuing, and deadlines are approaching. While the undersigned declines to make a finding regarding willfulness or bad faith, there is no clear, satisfactory justification for the late disclosure. Thus, the court grants the motion and strikes these witnesses for class certification purposes only.

2. Paul, Malone, & McCoy

Plaintiffs assert that three of the late-disclosed witnesses, Mr. Paul, Mr. Malone and Mr. McCoy, were identified to rebut EDJ's Rule 30(b)(6) witnesses' recent testimony in mid-June that EDJ financial advisors did not make recommendations to clients regarding transfer to

advisory accounts, testimony that contradicted EDJ's own training materials and representations to the U.S. Securities and Exchange Commission ("SEC"). ECF No. 133 at 25. Plaintiffs argue that each of these individuals "are former EDJ advisors" known to defendant, and that defendants are in control of much of the relevant information with respect to these individuals (e.g., training documents). Id. at 25-26. Though defendant asserts that these witnesses are not truly rebuttal witnesses, the court is persuaded that plaintiffs identified the specific need for these witnesses at the class certification stage only recently, such that these witnesses should be permitted for rebuttal purposes only. Because these witnesses are permitted for the limited purpose of rebuttal, any harm to resulting from the late disclosure is minimal and justified under the circumstances.

### IV.   Conclusion

For the foregoing reasons, the motion (ECF No. 130) is GRANTED in part and DENIED in part as set forth above.

IT IS SO ORDERED.

DATED: July 21, 2023

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE