UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ANDERSON, RAYMOND KEITH CORUM, JESSE AND COLLEEN WORTHINGTON, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EDWARD D. JONES & CO., L.P.,<br><br>Defendant. | No. 2:18-CV-00714-DJC-AC<br><br>ORDER |

Before the Court is Defendant's second Motion to Dismiss Plaintiffs' Third Amended Complaint ("TAC" (ECF No. 82)). (Mot. to Dismiss ("MTD") (ECF No. 181).) Despite the Ninth Circuit's ruling that Plaintiffs' claim is not barred by the Securities Litigation Uniform Standards Act ("SLUSA"), Defendant argues that an expert opinion report produced by Plaintiffs in discovery should be attributed to Plaintiffs and modify Plaintiffs' TAC such that the suit now falls under the scope of SLUSA. For the reasons below, the Court declines to find that Plaintiffs' claim has been modified by the report and DENIES Defendant's Motion to Dismiss.

////

////

1

## I. Background

### A. Factual Background

Plaintiffs Edward Anderson, Raymond Keith Corum, and Colleen and Jesse Worthington ("Plaintiffs") bring the present suit against Defendant Edward D. Jones & Co., L.P. on behalf of themselves and a not yet certified class of similarly situated individuals. (TAC ¶¶ 21–36.) Plaintiffs are former clients of Defendant, a broker-dealer and investment advising firm, who utilized Defendant's services. (*Id.* ¶¶ 21–37.)

Initially, Defendant provided a service model where clients received gratuitous investment advice from financial advisors employed by Defendant and paid only commission fees on a per-trade basis. (*Id.* ¶¶ 57–62.) However, in 2008, Defendant introduced a new advisory model called "Advisory Solutions" which charged a flat annual management fee corresponding to the total amount of each client's assets. (*Id.* ¶ 63.) Plaintiffs allege that in 2013 Defendant encouraged and incentivized its financial advisors to transition Plaintiffs from the commission-based accounts to Advisory Solutions accounts without conducting a suitability analysis to determine whether the Advisory Solutions accounts were appropriate for them. (*Id.* ¶¶ 64–78, 94.) Plaintiffs were advised by financial advisors acting on behalf of Defendant to switch their commission-based accounts to Advisory Solutions accounts, and did so. (*Id.* ¶¶ 23–24, 27–28, 31–32.) As "buy and hold" investors who engaged in minimal trading, Plaintiffs allege that the Advisory Solutions accounts were not suitable for their needs, and that switching to those accounts led to Plaintiffs paying higher fees. (*Id.* ¶¶ 22, 26, 30, 60, 93–96.)

Plaintiffs allege that Defendant breached its fiduciary duty to Plaintiffs by failing to supervise the financial advisors it employed and ensure the advisors were conducting a proper suitability assessment before advising Plaintiffs to switch their accounts. (*Id.* ¶¶ 53, 78–82, 91–97.) As a result of this breach, Plaintiffs paid higher fees than they otherwise would have under the commission-based accounts and received lower returns on their investments due to the fees being deducted from their

accounts. (*Id.* ¶¶ 95–96.) Plaintiffs bring one cause of action against Defendant alleging breach of fiduciary duty under California and Missouri law.

### B.  Procedural Background

Plaintiffs initially filed this action on March 30, 2018. ((ECF No. 1).) Since then, Plaintiffs have amended their complaint three times.  The First Amended Complaint, (ECF No. 24), was dismissed with leave to amend, (ECF No. 46), and the Second Amended Complaint ("SAC" (ECF No. 47)) was dismissed with prejudice on the basis that SLUSA presented a jurisdictional bar to Plaintiff's claims (ECF No. 60).  Plaintiffs appealed the dismissal of the SAC, and the Ninth Circuit reversed the Court's dismissal, reasoning that Plaintiffs' breach of fiduciary duty claim was not based on conduct in connection with the purchase or sale of covered securities, and therefore not within the scope of SLUSA.  *Anderson v. Edward D. Jones & Co., L.P.*, 990 F.3d 692 (9th Cir. 2021), *cert. denied*, 142 S. Ct. 745 (2022).

After the case was remanded, Defendant once again moved to dismiss Plaintiffs' SAC, but on the basis that Plaintiffs had failed to plead their fraud-based claim with the particularity required by Rule 9(b). (ECF No. 81.)  The Court granted this motion with leave to amend. (*Id.*)  Plaintiffs then filed the operative Third Amended Complaint, (ECF No. 82) which Defendant again moved to dismiss. (ECF No. 83.)  The Court denied Defendant's Motion to Dismiss the TAC, finding that Plaintiffs sufficiently stated a non-fraud-based claim for breach of fiduciary duty. (ECF No. 93.)

Presently before the Court is Defendant's second Motion to Dismiss Plaintiffs' Third Amended Complaint.  In the interim of the Court's denial of Defendant's first Motion to Dismiss the TAC and the present motion, the parties conducted discovery, including producing expert reports and conducting depositions.  Defendant now argues that language in one of the Plaintiffs' expert reports, and that expert's statements made during deposition, expose Plaintiffs' attempt to resurrect a theory of
////

liability which was previously dismissed and would be jurisdictionally barred by SLUSA. (MTD at 1–2.)

Pursuant to the Parties' stipulation, the Court vacated the hearing on this motion, (*see* ECF No. 194), and has determined that oral argument is not necessary. This matter is hereby submitted upon the record and briefs of the Parties, without oral argument, pursuant to Local Rule 230(g).

## II.   Legal Standard for Motion to Dismiss

A party may move to dismiss a complaint for "lack of subject matter jurisdiction" under Federal Rule of Civil Procedure 12(b)(1). Taking the allegations in the complaint as true, "the court must determine whether a lack of federal jurisdiction appears from the face of the complaint itself." *Nat'l Fed'n of the Blind of Cal. v. Uber Techs., Inc.*, 103 F. Supp. 3d 1073, 1078 (N.D. Cal. 2015). "[The] party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir.1996); *Chandler v. State Farm Mut. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010).

A Rule 12(b)(1) jurisdictional attack may be facial or factual. *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (citation omitted). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack requires the court to take the pleading as true and construe the allegations in favor of the plaintiff when determining jurisdiction; only in a factual attack may the court look beyond the pleadings. *White*, 227 F.3d at 1242.

## III.   Discussion

Claims that fall within the scope of SLUSA are precluded from federal jurisdiction. SLUSA bars a plaintiff from bringing "(1) a covered class action (2) based on state law claims (3) alleging that the defendants made a misrepresentation or

4

omission or employed any manipulative or deceptive device (4) in connection with the purchase or sale of (5) a covered security." *Northstar Fin. Advisors, Inc. v. Schwab Invs.*, 904 F.3d 821, 828 (9th Cir. 2018); 15 U.S.C. § 78bb(f)(1). "Courts must 'look to the substance of the allegations,' so that 'plaintiffs cannot avoid preclusion through artful pleading that removes the covered words . . . but leaves in the covered concepts.'" *Id.* at 829 (quoting *Freeman Invs., L.P. v. Pac. Life Ins. Co.*, 704 F.3d 1110, 1115 (9th Cir. 2013) (internal citations omitted)).

Defendant attempts to argue that an expert report produced by Plaintiffs – and more primarily, the expert's answers during deposition – somehow modify the legal theory which the Plaintiffs pursue in their TAC, and that this modified legal theory is jurisdictionally barred by SLUSA. Defendant asserts that:

> Mr. Schulz has been proffered by Plaintiffs as their key expert witness; his assertions are their assertions. Those assertions are procedurally improper because they are outside the scope of the TAC, but to the extent the Court considers Mr. Schulz's characterization of Plaintiffs' claims, they supply the "in connection with" securities transaction element that the Ninth Circuit found was avoided by Plaintiffs' characterization of their claims on appeal. Mr. Schulz's characterization of Plaintiffs' claims therefore triggers SLUSA and the Court should dismiss on jurisdictional grounds.

(MTD at 8.) Specifically, Defendant points to the expert's answers during deposition in which the expert said, "there could be a sale in the brokerage account before the money is moved, and there would be purchase of securities in the advisory accounts when the accounts are moved." (*Id.* at 7–8.) In addition, in response to the question "[w]ell, isn't the essential premise of your analysis, your damages analysis, that you can look at what was in the commission account just prior to the switch, just prior to the sale of securities, and then assume that that would have remained static during the life the fee account?" the expert answered "I thought you asked me that question and I thought [] I said yes." (*Id.*) The expert also suggested in his report that Plaintiffs may

////

5

have suffered damages because they could have reinvested the funds they paid out in fees and received returns on those additional investments. (*Id.* at 12.)

While the Court may look beyond the pleadings to resolve *factual* disputes regarding the Court's jurisdiction, *see Meyer*, 373 F.3d at 1039, Defendant does not contest particular facts in the TAC which give rise to jurisdiction.  Instead, Defendant asks this Court to incorporate Plaintiffs' expert discovery to modify Plaintiffs' complaint, despite Plaintiffs intentionally and successfully pleading a claim not within the scope of SLUSA.  Defendant cites no legal support for imputing an expert's report or deposition as a plaintiff's own assertion, and appears to concede that any comments the expert made regarding the sale of securities are outside the scope of Plaintiffs' claim, stating "[the expert's] assertions are procedurally improper because they are outside the scope of the TAC . . . ."  (MTD at 8.)

A plaintiff is the master of their complaint, and may choose to pursue select legal theories and remedies as the plaintiff sees fit.  *Cf. Besse v. Gen. Motors Corp.*, 317 F. Supp. 2d 646, 651 (D. S.C. 2004) ("Plaintiff has voluntarily restricted the remedy he seeks.  Such a tactical move does not violate any principle of federal jurisdiction, and the court will not second-guess Plaintiff's litigation strategy.").[1]  Here, Plaintiffs have narrowly fashioned their TAC, limiting their theory of liability to avoid the reach of SLUSA.  Plaintiffs' allegations are focused on Defendant's alleged breach of fiduciary duty which caused them to pay financial advising fees that they otherwise would not have paid.  The Ninth Circuit concluded that this cause of action does not implicate the sale or purchase of securities, and therefore avoids SLUSA, stating that "[n]owhere do Plaintiffs allege that they would have purchased or sold different covered securities had Edward Jones conducted a suitability analysis, which might have resulted in Plaintiffs remaining in commission-based accounts . . . . [T]he lack of

---

[1] This principle is subject to the "artful pleading" rule, in which a plaintiff cannot avoid "necessary federal questions.  *Romano v. Kazacos*, 609 F.3d 512, 518–19 (2d Cir. 2010).  Defendant has not argued that Plaintiffs are avoiding a necessary federal question, and the Ninth Circuit's analysis of Plaintiffs' claim precludes such an argument.

suitability analysis did not materially affect the purchase or sale of any covered securities." *Anderson*, 990 F.3d at 705.  That the expert opined on other causes of actions or remedies which *may* be available to Plaintiffs does not change the fact that Plaintiffs have chosen not to pursue them in this action.  To the extent that the expert has proffered an opinion on causes of action or damages outside the scope of this litigation, that evidence would simply be irrelevant to these proceedings.  *See id.* at 708 n.10 ("[a]ctions Edward Jones took after the breach, such as selling securities as part of the transfer of assets into the fee-based accounts, are extraneous to the alleged state law violation.")

Defendant cites two post-*Anderson* cases in support of its argument that Plaintiffs' claims are covertly based on securities purchases or sales.  These cases are inapposite, and in fact explicitly distinguish the facts of the present case.  In *Barbiero v. Charles Schwab Inv. Advisory, Inc.*, the Northern District of California found that "the heart of plaintiffs' complaint is that they would have rather purchased securities with the cash defendants let sit in Charles Schwab Bank" where the plaintiffs sought damages based on the returns they would have received had the defendant invested their funds differently.  No. 21-CV-07034-PJH, 2022 WL 2047558, at *4 (N.D. Cal. June 7, 2022), *aff'd*, No. 22-15932, 2023 WL 4044424 (9th Cir. June 16, 2023). Accordingly, the claims were based on conduct in connection with the purchase or sale of securities.  *Id.*  On appeal, the Ninth Circuit confirmed that the *Barbiero* plaintiffs had alleged conduct which "directly affected the 'trading strategies'" and was therefore connected to the purchase or sale of securities, explicitly juxtaposing *Anderson*.  *Barbiero v. Charles Schwab Inv. Advisory, Inc.*, No. 22-15932, 2023 WL 4044424, at *1 (9th Cir. June 16, 2023).  In *Birchfield v. Empower Advisory Group*, the plaintiff alleged that transitioning to a different account led to a change in trading behavior.  No. 22-CV-02716-NYW-SKC, 2023 WL 5748378, at *6 (D. Colo. Sept. 6, 2023).  The District of Colorado found that the alleged misrepresentations made by the defendant which caused the plaintiff to transition accounts, and thus change her

trading behavior, was therefore in connection with the purchase or sale of securities. *Id.* The District of Colorado explicitly distinguished the facts of this case with the claims in *Birchfield*. *Id.*

Plaintiffs here allege that they were charged excessive fees, and that had those fees remained in their accounts, they would have continued to accrue returns. They do not allege that they would have otherwise used those funds to purchase additional securities, or that transitioning the accounts changed their trading habits. *Anderson*, 990 F.3d at 705 ("Plaintiffs' 'buy-and-hold philosophy remained unchanged.'") The Ninth Circuit has definitively ruled that Plaintiffs' claim, as styled, does not allege conduct in connection with the purchase or sale of securities. If Plaintiffs were to change course and pursue claims similar to those in *Barbiero* or *Birchfield* alleging a change in trading behavior, those claims would be barred. But Plaintiffs have not chosen to do so, and the expert's suggestion that such claims or damages may be available to them does not change that fact.

### IV. Conclusion

For the above reasons, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss, ECF No. 181, is DENIED.

IT IS SO ORDERED.

Dated: **January 5, 2024**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC2 – Anderson18cv00714.mtd