UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD ANDERSON, RAYMOND KEITH CORUM, JESSE AND COLLEEN WORTHINGTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>EDWARD D. JONES & CO., L.P.,<br><br>Defendant. | No. 2:18-cv-00714-DJC-AC<br><br>**ORDER** |

      Plaintiffs Edward Anderson, Raymond Keith Corum, and Jesse and Colleen Worthington, individually and on behalf of all others similarly situated, filed this action on March 30, 2018. (ECF No. 1.) Defendant Edward D. Jones & Co., L.P. filed for summary judgment on the Plaintiffs' claims on September 27, 2023, and the Court granted summary judgment. (ECF Nos. 188, 281.) Judgment was entered on September 9, 2024. (ECF No. 282.)

      Defendant filed a Bill of Costs on September 23, 2024, seeking a total of $99,131.54 in costs. (Edward D. Jones Costs (ECF No. 283).) These costs include $225.00 in fees of the clerk, $5,536.27 in fees for service of summons and subpoena,

1

$79,955.69 in fees for printed or electronically recorded transcripts, $420.00 in fees for witnesses, $11,755.85 in fees for exemplification and copies, and $1,238.73 in fees for "other costs." (Mem. of Costs (ECF No. 283-1).) Plaintiffs filed Objections on September 30, 2024, asking that the Court partially deny the requested costs. (Opp'n (ECF No. 284).)

As discussed below, the Court grants Defendant's request for cost. However, the Court finds it appropriate to reduce the requested costs by $66,400.72 based on several of the objections raised.

## I.     Legal Standard

Federal Rule of Civil Procedure 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." "By its terms, the rule creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000). Given this presumption, "it is incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999) (citation omitted). A district court need not give affirmative reasons for awarding costs. *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003). However, if a court declines to award costs to the prevailing party, it must explain "why, in the circumstances, it would be inappropriate or inequitable to [do so]." *Ass'n of Mexican-Am. Educators*, 231 F.3d at 593.

## II.    Discussion

Plaintiffs argue the Court should deny or reduce Defendant's requested costs associated with (1) fees of the clerk; (2) fees for service of summons and subpoena; (3) fees for deposition and stenographic transcripts; (4) fees for video transcripts; (5) witness fees; (6) postage fees; and (7) fees for copies. The Court discusses each category in turn.

2

### A. Fees of the Clerk

Section 1920(1) permits a prevailing party to recover "[f]ees of the clerk[.]" 28 U.S.C. § 1920(1).  However, the Ninth Circuit has held that section 1920 "does not allow for an award of pro hac vice fees as taxable costs." *Kalitta Air L.L.C. v. Cent. Texas Airborne Sys. Inc.*, 741 F.3d 955, 958 (9th Cir. 2013).  The $225.00 Defendant seeks in fees of the clerk is a fee for the pro hac vice admission of attorney Srirupa "Tina" Samantha.  (Mircheff Decl., Ex. A (ECF No. 283-3).)  Accordingly, the Court will deny Defendant's requested $225.00 in fees of the clerk and reduce in full these taxable costs.

### B. Fees for Service of Summons and Subpoena

The taxation of fees paid to a private process server is allowed, but only "to the extent they do not exceed the amount allowable for the same service by the Marshal." E.D. Cal. L.R. 292(f)(2).  "The party seeking fees for private service of process must demonstrate the fees requested do not exceed the Marshal's fees for the same service." *U.S. Liab. Ins. v. Johnston,* No. 2:18-cv-02729-TLN-AC, 2021 WL 4896201, at *1 (E.D. Cal. Oct. 20, 2021).  The Marshal charges $8 per item for service by mail and $65 per person per hour for each item served, in addition to travel costs and any other out-of-pocket expenses.  28 C.F.R. §§ 0.114(a)(2), (3).  For private service of process, travel costs are calculated using a rate per mile, instead of the actual expenses of transportation.  5 U.S.C. § 5704(a).  In addition to the rate per mile, reimbursement may take place for parking fees, ferry fees, bridge, road, and tunnel costs, and airplane landing and tie-down fees.  5 U.S.C. § 5704(d).  Since section 1920 does not list postage as a taxable cost, it is not taxable.  *Carr v. Tadin, Inc.*, 51 F. Supp. 3d 970, 985 (S.D. Cal. 2014).

#### a. Service of Subpoena on Gavrilov & Brooks

Plaintiffs argue that because Gavrilov & Brooks had not entered an appearance at the time and did not represent any party or witness in this case, the amount charged for serving the subpoena should not be allowed.  (Opp'n at 3.)  While

Plaintiffs state the subpoena served on Gavrilov & Brooks was for Dalas Gunderson. However, Dalas Gundersen is not mentioned or identified on these particular invoices. (*Id.*; *see* Mircheff Decl., Ex. B (ECF No. 283-4) at 2.) The first attempt to serve Gavrilov & Brooks was on May 23, 2023. (*Id.* at 2.) The amount charged for this service was $352.94. (*Id.*) This failed attempt was succeeded by a successful attempt on May 24, 2023. (*Id.*) The amount charged for this attempt was $335.48. (*Id.*) Dalas Gundersen is not named on these invoices and the invoices suggest that service was on Gavrilov & Brooks. As such, the Court will deny Defendant's requested total of $688.42 and reduce the service costs by this amount.

### b. Service of Subpoenas on Dalas Gundersen, Bradley Malone, and Gary McCoy.

Plaintiffs request the Court deny costs for the service of subpoenas on Dalas Gunderson, Bradley Malone, and Gary McCoy. (Opp'n at 3–4.) Defendant seeks reimbursement for two service attempts on Dalas Gundersen, one service attempt on Bradley Malone, and one service attempt on Gary McCoy. (Mircheff Decl., Ex. B at 3–4.) On May 23, 2023, there were three unsuccessful attempts to serve Dalas Gunderson for $575.56. (*Id.* at 3.) After failing to serve him on May 23, 2025, Gundersen was successfully served on May 24, 2025, for $575.56. (*Id.*) Additionally, Bradley Malone and Gary McCoy were both served on August 2, 2023. (*Id.* at 4.) The charged cost of serving Bradley Malone was $496.45, while the cost of serving Gary McCoy was $459.14. (*Id.*)

Included in the total for the servicing of Dalas Gunderson are two fuel charges for $17.46. (*Id.* at 3.) Additionally, there are two charges for "PDF/Ship" in the amount of $184.86 and $237.00. (*Id.*) The invoice for servicing Bradley Malone also contains a "PDF/Ship" charge for $172.35, while the "PDF/Ship" charge for servicing Gary McCoy was also $172.38. (*Id.* at 4.)

Plaintiffs argue that the duplicative service of the same subpoena on Dalas Gunderson in two different locations should not be allowed. (Opp'n at 3). The Court

4

disagrees. Three failed attempts to serve Dalas Gunderson on May 23, 2023, were made at a location in Arbuckle, California. (Mircheff Decl., Ex. B at 3.) After these failed attempts, there were then three attempts made to serve him in Willows, California the next day, resulting in Dalas Gunderson being successfully served on the third attempt. (*Id*.) It is reasonable that the Defendant would need to serve Dalas Gunderson again in a different location after failing to serve him on the previous day.

However, each invoice – including the invoices of the service of subpoenas on Dalas Gunderson, Bradley Malone, and Gary McCoy – do not contain an hourly rate or the number of hours it took to deliver the subpoenas and do not contain mileage information to calculate travel expenses. Since there was an attempt to serve Dalas Gunderson on two separate days, the Court will reduce the taxed costs to $65.00 for each day. The amount of time that went into servicing the subpoenas is not listed on any of the invoices. Thus, the Court is unable to reasonably conclude that the servicing of these individuals took longer than an hour. Additionally, since postage costs are not taxable and the charges are not itemized, it is impossible to determine whether these charges are reasonable. The Court will permit $65.00 per person per hour for each item served to be taxed. For these reasons, the Court will reduce the requested costs by $1,846.71, bringing the total for these services to $260.00.

### c. Service of Subpoena on Zachary Paul

Plaintiffs request the Court deny costs for the service of subpoena on Zachary Paul. (Opp'n at 4). Defendant made five attempts to serve Zachary Paul on August 2, 2023, for $842.93. (Mircheff Decl., Ex. B. at 5–6.) These attempts were succeeded by one successful attempt on August 8, 2023, for $527.64. (Mircheff Decl., Ex. B. at 5–6.) While one invoice reflects both dates and the attempts made, a duplicative invoice has been submitted. (Mircheff Decl., Ex. B. at 5–6.) These two invoices have a combined total of $2,741.14. The Court will reduce the requested costs by half, or $1,370.57, and further analyze the remaining invoice pertaining to Zachary Paul below.

1    As with previously discussed invoices, the invoice for the subpoenas served on
Zachary Paul contains two "PDF/Ship" charges that combine for a total of $344.76. (Mircheff Decl., Ex. B. at 5). As previously stated, postage costs are not taxable. Additionally, there is a charge for "[a]ddt'l [c]hgs" for $448. (*Id*.) There is no explanation for the charge, and it is not itemized. Furthermore, there are two fuel charges for a combined total of $44.66. (*Id*.) As with the previous invoices, the charge does not contain mileage information, so it is impossible to determine travel costs. For these reasons, the Court will permit costs of $65.00 per day for the service of Zachary Paul, reducing the cost from this invoice by $1,240.57. The total the Court will permit to be taxed for service of subpoena on Zachary Paul is $130.00.

**C. Deposition and Stenographic Transcripts**

"Fees for printed or electronically recorded transcripts necessarily obtained for use in the in the case" may be taxed as costs. 28 U.S. § 1920(2). However, depositions "that are purely investigative or merely for the convenience of counsel may not be taxed against the opposing counsel." *Oyarzo v. Tuolumne Fire Dist.,* No. 1:11-cv-01271-SAB, 2014 WL 1757217, at *7 (E.D. Cal. Apr. 30, 2014). The Court will not allow costs that have occurred for the convenience of the attorneys unless the defendant shows that they were necessary. *Daniel v. Ford Motor Co.*, No. 2:11-cv-02890-WBS-EFB, 2018 WL 1960653, at *4 (E.D. Cal. Apr. 26, 2018). Costs that are incurred for the convenience of the attorneys include rough drafts, CD litigation packages, e-transcripts, condensed transcripts, and expedited fees. *Id*. Reporter appearance fees and delivery fees cannot be taxed. *Blanton v. County of Sacramento*, No. 2:09-cv-01832-MCE, 2013 WL 3283216, at *2 (E.D. Cal. June 27, 2013). Costs for real-time are denied if that feature is not shown to be necessary. *San Joaquin Cnty. Employees' Ret. Ass'n v. Travelers Cas. & Sur. Co. of Am.*, No. 218 CV-02-042-JAM-CKD, 2020 WL 1874040, at *2 (E.D. Cal. Apr. 15, 2020). Itemized charges such as exhibits with tabs, exhibits with color, processing and compliance, equipment rental,

videographer fees, and onsite document copying costs are also not awarded if they are not shown to be necessary. *Id*. at 3.

Defendant requests a total of $79,955.69 in costs for printed or electronically recorded transcripts. (Decl. Mircheff (ECF No. 283-2) at 1 and Suter Decl., Ex. A. (ECF No. 283-10) at 2.)  This includes the costs for the depositions of Edward Anderson, Colleen Worthington, Keith Corum, Chuck Easttom, Zachary Paul, Scott Baggett, Douglas Schulz, Eric Sikowitz, and Jesse Worthington.  Based on the itemized invoices for these transcripts, Defendant requests $3,529.50 for rough draft fees, $900.00 for litigation package fees, $4,120.00 for appearance fees, $6,054.05 for real-time fees, $2,652.65 for electronic exhibits, $315.00 in processing and handling fees, $546.25 for overtime fees, $131.25 for hourly fees, $20.00 for waiting time fees, $1,500.00 for court reporter's bonuses, $975.00 for remote setup fees, and $2,641.20 for transcript surcharges. (Decl. Mircheff. Ex. C (ECF No. 283-5) at 1–26 and Suter Decl., Ex. A. at 1–5.) These fees are costs incurred for the convenience of counsel.  Thus, they are unnecessary since Defendant has not provided information to establish otherwise.

The Court will also reduce $1,057.32 in costs included for sales tax.  The sales tax amounts were added by Defendant to certain transcript invoices after the fact and do not include any itemization.  Given the lack of itemization of these charges and the fact that the Court cannot readily to determine whether the remaining items on those invoices would be subject to sales tax, all costs for sales tax are also removed.  In total, the Court will reduce the costs for printed or electronically recorded transcripts by $24,442.22.

Defendant has also provided no explanation for their request for an additional copy of the deposition of Amy Dillon costing $1,731.71 with tax.  This amount will be further reduced from the transcript costs.  However, the Court overrules Plaintiff's objections to Defendant's inclusion of costs for the transcript from the deposition of Evan Laboube.  Simply because a transcript was not utilized during summary judgment does not render untaxable the cost of obtaining that transcript. *See*

7

*Haagen–Dazs Co. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990).

### D. Video Transcripts

To recover the costs of videotaped depositions under 28 U.S.C. § 1920(2), "the prevailing party must demonstrate that a videotaped copy of the deposition was necessary." *Weco Supply Co. v. Sherwin-Williams Co*., No. 1:10-CV-00171-AWI, 2013 WL 56639, at *5 (E.D. Cal. Jan. 3, 2013). While the Defendant states that the costs are "correctly stated and necessarily occurred," this is insufficient for the Court to award costs for this matter. (Mem. of Costs at 1.) Plaintiffs argue that "[n]o video transcripts were used in Defendant's Motion for Summary Judgment, Daubert motions, response to Motion for Class Certifications, or at the hearing on the Motion for Summary Judgement." (Opp'n at 7.) Since Defendant has not provided a reason for why the video copies and transcripts of the depositions were required, there is not enough information for the Court to deem the recordings as necessary. Defendant has failed to demonstrate that these costs were needed.

Defendant purchased video services for the depositions of Edward Anderson, Colleen Worthington, Keith Corum, Zachary Paul, Chuck Easttom, Scott Baggett, Douglas Schulz, Eric Sikowitz, and Jesse Worthington. (Decl. Mircheff. Ex. C at 2, 5–6, 17–20, 26 and Suter Decl., Ex. A. at 5.) Defendant paid a total of $19,638.73 for video services. Several of the invoices of these video services include an itemized listing of sales tax, overtime, syncing, parking, and processing. Additionally, Defendant is seeking to tax $928.75 in costs for a video copy of the deposition of "Doughlas Schulz." Defendant has not provided a reason for why this copy was necessary. Thus, the Court will reduce Defendant's taxable costs for video services by $20,567.48.[1]

---

[1] Due to calculation errors by Defendant, these amounts differ from those cited by Plaintiff. For example, when Defendant added $224.48 in sales tax to the $2,775.00 invoiced for video services for the deposition of Collen Worthington, Defendant incorrectly calculated the total as $3,109.48. (Mircheff Decl., Ex. C at 5.)

8

Additionally, Defendant seeks to recover $1,293.46 in costs for the video transcripts of its own witnesses (Amy Dillon and Evan Laboube) for depositions taken by Plaintiffs. (Mircheff Decl., Ex. C at 12, 27.)  Defendant has not shown that the video transcripts obtained from these witnesses was necessary.  For this reason, the Court will further reduce the taxable costs related to these video depositions by $1,293.46.

### E. Witness Fees

Pursuant to 28 U.S.C. § 1920, fees for witnesses are taxable costs.  Defendant is seeking $420.00 in costs for witness fees. (Edward D. Jones Costs at 1.)  Plaintiffs argue that these costs should not be awarded, citing *Robinson v. Kia Motors, Inc.*, where the court denied award costs because a company did not break down what the witness payments included, and did not prove that these payments were made.  No. 2:10-cv-03187-SOM, 2016 WL 4474505, at *6 (E.D. Cal. Aug. 25, 2016).  In the same case, the court awarded witness costs that were detailed, even though there was no proof that the costs were actually paid to the witnesses.  *Id*.  Here, Defendant has provided an itemized list for the cost of witnesses.  Therefore, the Court will deny Plaintiffs' objection to the taxation of costs for witness fees.

### F. Postage Fees

As the Court stated previously, since section 1920 does not list postage as a taxable cost, it is not taxable.  *Carr v. Tadin, Inc.*, 51 F. Supp. 3d at 985.  Defendant seeks reimbursement for $1,238.73 for postage. (Mircheff Decl., Ex. E.)  The Court will reduce this cost entirely.

### E. Copies

Plaintiffs request the Court deny costs for $11,755.85 Defendant seeks for copies. (Opp'n at 9.)  Under section 1920(4), the cost of printing must be "necessarily obtained" for a prevailing party to recover these costs.  Defendant provides a "Disbursement Audit Report" encompassing 114 pages of copy charges. (Mircheff Decl., Ex. F.) Many of these charges are listed as an "In House Duplication Charge,"

providing no specific details. The Court in unable to determine if these copies were necessary. For these reasons, the Court will reduce the requested costs in its entirety.

### III.  Conclusion

Accordingly, IT IS HEREBY ordered that Plaintiff's Objections (ECF No. 284) are sustained in part and overruled in part. Defendant's Edward D. Jones & Co., L.P.'s request for $99,131.54 in costs (ECF No. 283) is GRANTED IN PART. The Court will permit the taxation of $32,730.82 in costs.

IT IS SO ORDERED.

Dated:  **May 29, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE